No. **26-1049**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHROPIC PBC,

*Petitioner*,

v.

U.S. DEPARTMENT OF WAR, PETER B. HEGSETH, in his official capacity as Secretary of War,

*Respondents*.

On Petition for Judicial Review of Department of War 41 U.S.C. § 4713 Notice

## PETITION FOR REVIEW

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
(628) 235-1000
michael.mongan@wilmerhale.com

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
emily.barnet@wilmerhale.com

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
ANNEKE DUNBAR-GRONKE
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com
joshua.geltzer@wilmerhale.com
kevin.lamb@wilmerhale.com
anneke.dunbar-gronke@wilmerhale.com

March 9, 2026

Pursuant to 41 U.S.C. § 1327(b), Federal Rule of Appellate Procedure 15(a), and Circuit Rule 15, Anthropic PBC respectfully petitions for review of the Department of War's determination that Anthropic presents a supply chain risk to national security under the Federal Acquisition Supply Chain Security Act of 2018, 41 U.S.C. §4713.

On February 27, 2026, the Secretary of War issued a public directive instructing the Department of War to designate Anthropic a "Supply-Chain Risk to National Security." Addendum 1a. On March 4, 2026, the Department of War sent a Notice to Anthropic stating that it had "determined that (i) the use of [Anthropic's] products or services in [Department of War] covered procurements presents a supply chain risk and that the use of the Section 4713 authority to carry out covered procurement actions is necessary to protect national security by reducing supply chain risk, and (ii) less intrusive measures are not reasonably available to reduce such supply chain risk." Addendum 2a. The Notice, dated March 3, 2026, purports to implement the February 27, 2026 directive and applies the "supply chain risk" determination to "[a]ll" of Anthropic's "products or services" that meet the definition of a "covered article" or that are part of a "covered procurement," as defined by 41 U.S.C. § 4713(k). Addendum 2a.

According to the Notice, the determination was "effective immediately" and will remain in effect "until modified or terminated in writing by" the Secretary. *See* Addendum 3a. The Notice further states that the Department of War will take "[a]ll [covered procurement] actions" under 41 U.S.C. § 4713(k)(4), which includes withholding consent for and directing the exclusion of Anthropic's current and future "covered products and services" from government supply chains, including subcontracts. *See* Addendum 2a.[1]

Anthropic petitions this Court for review because the Department of War's actions are, among other things, a pretextual form of retaliation in violation of the First and Fifth Amendments to the U.S. Constitution; arbitrary, capricious, and an abuse of discretion; unsupported by the administrative record; not in accord with procedures required by law; and in excess of statutory authority. *See* 41 U.S.C. § 1327(b)(1)-(2).

This Court has subject matter jurisdiction under 41 U.S.C. § 1327(b)(3). This Petition is timely because it was filed within 60 days of receiving the Notice.

---

[1]    At the same time it received the Notice, Anthropic received a letter from Secretary Hegseth providing notification that he had invoked the supply chain risk designation authority under 41 U.S.C. § 3252. Anthropic has challenged the Secretary's reliance on that separate authority in federal district court, as that action is not subject to this Court's direct review under 41 U.S.C. § 1327(b)(3). *See also Anthropic PBC v. Dep't of War, et al.*, No. 3:26-cv-01996 (N.D. Cal.).

2

|  | Respectfully submitted, |
|---|---|
|  | /s/ *Kelly P. Dunbar* |
| MICHAEL J. MONGAN | KELLY P. DUNBAR |
| WILMER CUTLER PICKERING | JOSHUA A. GELTZER |
|   HALE AND DORR LLP | KEVIN M. LAMB |
| 50 California Street, Suite 3600 | ANNEKE DUNBAR-GRONKE |
| San Francisco, CA 94111 | WILMER CUTLER PICKERING |
| (628) 235-1000 |   HALE AND DORR LLP |
| michael.mongan@wilmerhale.com | 2100 Pennsylvania Ave. NW |
|  | Washington, DC 20037 |
| EMILY BARNET | (202) 663-6000 |
| WILMER CUTLER PICKERING | kelly.dunbar@wilmerhale.com |
|   HALE AND DORR LLP | joshua.geltzer@wilmerhale.com |
| 7 World Trade Center | kevin.lamb@wilmerhale.com |
| 250 Greenwich St. | anneke.dunbar-gronke@wilmerhale.com |
| New York, NY 10007 |  |
| (212) 230-8800 |  |
| emily.barnet@wilmerhale.com |  |

Dated:  March 9, 2026

3

# RULE 26.1 DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, Petitioner makes the following disclosures:

Petitioner Anthropic PBC is a privately held public benefit corporation. It has no parent corporation. Other than the following two entities, no publicly held company owns 10% or more Anthropic PBC's stock: (1) Google LLC, which is a wholly owned subsidiary of Alphabet, Inc.; and (2) Amazon Web Services, Inc., which is a wholly owned subsidiary of Amazon.com, Inc.

Dated: March 9, 2026 /s/ *Kelly P. Dunbar*
                                                                  KELLY P. DUNBAR

# CERTIFICATE OF FILING AND SERVICE

I certify that by electronically filing the foregoing through this Court's CM/ECF system on March 9, 2026, I caused the circuit clerk to serve the respondents, pursuant to Fed. R. App. P. 15(c) and Circuit Rule 15(a), as no statute directs petitioner to effect service. I further certify that courtesy copies of the foregoing have been served via email and that I will cause service by overnight courier today on the following:

**Office of the Secretary**
c/o COL Tony Fuscellaro, USA
Executive Secretary
U.S. Department of War
1000 Defense Pentagon
Washington, D.C. 20301

**Office of the General Counsel**
Hon. Earl Matthews
General Counsel
U.S. Department of War
1000 Defense Pentagon
Washington, D.C. 20301

/s/ *Kelly P. Dunbar*
KELLY P. DUNBAR

# ADDENDUM

# ADDENDUM
## TABLE OF CONTENTS

|   |   | Page(s) |
|---|---|---|
| 1 | Pete Hegseth (@Sec War) X Post (Feb. 27, 2026, 5:14 PM ET) | 1a |
| 2 | Notice to Anthropic Pursuant to 41 U.S.C. § 4713 | 2a–5a |

3/1/26, 10:09 PM                Secretary of War Pete Hegseth on X: "This week, Anthropic delivered a master class in arrogance and betrayal as well as a textboo…

USCA Case #26-1049    Document #2162687    Filed: 03/09/2026    Page 9 of 13

# Post



**Secretary of War Pete Hegseth**
@SecWar

This week, Anthropic delivered a master class in arrogance and betrayal as well as a textbook case of how not to do business with the United States Government or the Pentagon.

Our position has never wavered and will never waver: the Department of War must have full, unrestricted access to Anthropic's models for every LAWFUL purpose in defense of the Republic.

Instead, @AnthropicAI and its CEO @DarioAmodei, have chosen duplicity. Cloaked in the sanctimonious rhetoric of "effective altruism," they have attempted to strong-arm the United States military into submission - a cowardly act of corporate virtue-signaling that places Silicon Valley ideology above American lives.

The Terms of Service of Anthropic's defective altruism will never outweigh the safety, the readiness, or the lives of American troops on the battlefield.

Their true objective is unmistakable: to seize veto power over the operational decisions of the United States military. That is unacceptable.

As President Trump stated on Truth Social, the Commander-in-Chief and the American people alone will determine the destiny of our armed forces, not unelected tech executives.

Anthropic's stance is fundamentally incompatible with American principles. Their relationship with the United States Armed Forces and the Federal Government has therefore been permanently altered.

In conjunction with the President's directive for the Federal Government to cease all use of Anthropic's technology, I am directing the Department of War to designate Anthropic a Supply-Chain Risk to National Security. Effective immediately, no contractor, supplier, or partner that does business with the United States military may conduct any commercial activity with Anthropic. Anthropic will continue to provide the Department of War its services for a period of no more than six months to allow for a seamless transition to a better and more patriotic service.

America's warfighters will never be held hostage by the ideological whims of Big Tech. This decision is final.

2:14 PM · Feb 27, 2026 · **12.8M** Views

**1a**



**SECRETARY OF WAR**
**1000 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1000**

MAR – 3 2026

Mr. Dario Amodei
Chief Executive Officer
Anthropic, PBC
548 Market Street
San Francisco, CA 94104

Dear Anthropic, PBC Executive Leadership:

    This letter provides notice to Anthropic, Public Benefit Corporation (PBC), and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof ("Covered Entity") that, pursuant to title 41, United States Code (U.S.C.), section 4713 ("Section 4713"), the Department of War (DoW) has determined that (i) the use of the Covered Entity's products or services in DoW covered procurements[1] presents a supply chain risk and that the use of the Section 4713 authority to carry out covered procurement actions[2] is necessary to protect national security by reducing supply chain risk, and (ii) less intrusive measures are not reasonably available to reduce such supply chain risk.

**Scope of Authorized Covered Procurement Actions**

    This Determination is necessary to reduce supply chain risk and applies to the Covered Entity, Covered Products or Services, Covered Procurements, and Covered Procurement Actions as follows:

- **Covered Entity:** Anthropic, PBC, and its subordinate, subsidiaries, or affiliated offices or entities, doing business under various names, and all subsidiaries, successors, or assigns thereof.

- **Covered Products or Services:** All of the Covered Entity's products or services that meet the definition of a "covered article" or that are part of a "covered procurement," as those terms are defined at 41 U.S.C. § 4713(k), whether acquired as a product or service. This includes all of the Covered Entity's products or services offered by the Covered Entity that become available for procurement.

- **Covered Procurements:** All DoW procurements described in Section 4713(k)(3).

- **Covered Procurement Actions:** All actions described in Section 4713(k)(4).

---

[1] 41 U.S.C. § 4713(k)(3)
[2] 41 U.S.C. § 4713(k)(4)

2a

**Effective Date**

This Determination is effective immediately and shall remain in effect until modified or terminated in writing by the Section 4713 Authorized Official.

**Request for Reconsideration**

If the Covered Entity wishes to request that the DoW reconsider this Determination, the Covered Entity must submit in writing to the undersigned within 30 days of receipt of this letter, notice of such request for reconsideration. For additional information, requirements, and procedures governing such request, see the enclosed Requirements and Procedures for Requesting Reconsideration of a Section 4713 Determination.

Sincerely,

Enclosure:
As stated

## ATTACHMENT 1
## Requirements and Procedures for Requesting Reconsideration of a Section 4713 Determination

The following requirements and procedures govern a Covered Entity's request for reconsideration of a Section 4713 determination:

1. **Notice of Request for Reconsideration:** Within thirty (30) days of receiving the Section 4713 Authorized Official's letter notifying the Covered Entity of the Section 4713 determination, the Covered Entity may submit in writing to the Section 4713 Authorized Official notice of the Covered Entity's request for reconsideration. Such notice should identify the specific relief or remedy being requested (e.g., specific modifications to, or termination in whole or in part, of any elements of the determination). All notices and written information must be submitted to osd.mc-alex.ousd-a-s.mbx.10-usc-section-3252-determinations@mail.mil.

2. **Opportunity to Submit and Present Information**: If the Covered Entity submits a timely notice of request for consideration, the Covered Entity will be afforded an additional thirty (30) calendar days (from the date the Section 4713 Authorized Official received such timely notice) to submit in writing, and to appear and present, additional information and arguments in support of such request for reconsideration. The Covered Entity must either send, or make arrangements to appear and present, the information to representatives of the Section 4713 Authorized Official within the thirty (30) day period. The Section 4713 Authorized Official may extend the time to appear and submit documentary evidence upon written request by the Covered Entity.

3. **Flexible Procedures**: The Section 4713 Authorized Official may use flexible procedures to allow the Covered Entity to submit and present information in support of the request for reconsideration. In so doing, the Section 4713 Authorized Official is not required to follow formal rules of evidence or procedures in creating an official record of the request for reconsideration and the Official's disposition of that and request.

4. **Content of Submissions/Presentations**: When submitting and presenting information in support of a request for reconsideration, the Covered Entity should, to the maximum extent practicable, identify specific facts that contradict statements contained in the Section 4713 Covered Entity notification, and provide detailed rationale for any arguments in support of the request and the remedy or relief being requested. A general denial is insufficient to support reconsideration of a Section 4713 determination.

5. **Appearing and Presenting Information:** An appearance and presentation is an informal meeting that is non-adversarial in nature. When electing to appear and present information, the representative(s) of the Covered Entity may choose to appear with counsel. Any information to be presented should be provided in written form at least 5 working days in advance of the presentation. Usually, all matters in opposition should be presented in a single proceeding. Any information not submitted in advance, but provided orally during an appearance, must also be submitted in writing after the appearance for the information to be

considered. The representative(s) of the Section 4713 Authorized Official, and/or other agency representatives, may ask questions of the Covered Entity's representative(s) making the presentation. Federal rules of evidence do not govern the appearance and presentation.

6. **Notice Regarding False Statements**: Any material information submitted in response to this action will be considered a statement or representation to a government official concerning a matter within the jurisdiction of the executive branch of the government. To that end, please note that an individual making any materially false, fictitious, or fraudulent statement or representation to a Government official may be subject to prosecution under 18 U.S.C. § 1001.