[ORAL ARGUMENT NOT YET SCHEDULED]
**No. 26-1049**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

ANTHROPIC, PBC,

*Petitioner*,

*v.*

U.S. DEPARTMENT OF WAR, PETER B. HEGSETH, in his official capacity as
Secretary of War,

*Respondents*.

On Petition For Judicial Review Of Department Of War 41 U.S.C. § 4713 Notice

**MOTION OF PROPOSED AMICI CURIAE FOUNDATION FOR
AMERICAN INNOVATION, FIFTY YEARS, FATHOM, CHINATALK,
MARTIN CHORZEMPA, ALEX IMAS, PANGRAM, INSTITUTE FOR
PROGRESS, DEAN BALL, DWARKESH PATEL, ROOTS OF PROGRESS,
AND SAIF KHAN FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
AND TO FILE THE ATTACHED PROPOSED BRIEF IN SUPPORT OF
PETITIONER'S EMERGENCY MOTION FOR A STAY PENDING
REVIEW**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and D.C. Circuit

Rules 27(a)(4) and 29(b), proposed amici curiae Foundation for American

Innovation, Fifty Years, Fathom, ChinaTalk, Martin Chorzempa, Alex Imas,

Pangram, Institute for Progress, Dean Ball, Dwarkesh Patel, Roots of Progress, and

Saif Khan respectfully move for leave to participate as amici curiae and to file the

1

attached proposed brief in support of petitioner Anthropic, PBC's emergency motion for a stay pending review.

Counsel for petitioner Anthropic, PBC, consents to this motion. Respondents do not oppose the filing of a timely amicus brief.

Proposed amici include technology-policy organizations, companies, investors, and individual scholars and analysts whose work concerns artificial intelligence, advanced computing, and the legal framework governing participation in federal procurement for advanced technology. Proposed amici have a substantial interest in this case because it bears directly on whether advanced-technology firms can rely on stable legal rules in deciding whether to work with the federal government.

Proposed amici's participation is desirable and relevant because the attached proposed brief offers a distinct sectoral and institutional perspective on the legal and practical consequences of treating exclusion authority under 41 U.S.C. § 4713 as detached from the procedures, findings, and review mechanisms Congress prescribed. The proposed brief highlights how uncertainty about those statutory limits affects the firms, investors, analysts, and policy institutions that operate in advanced-technology markets and that evaluate whether, and on what terms, to participate in federal procurement and national-security-related markets.

Granting leave will not disrupt the Court's consideration of the pending

2

emergency matters. Proposed amici file this motion promptly and submit a proposed brief intended to assist the Court on an expedited basis without delaying consideration of petitioner's emergency motion.

Pursuant to D.C. Circuit Rule 27(a)(4), the required Certificate of Parties and Amici Curiae and Disclosure Statement are attached as an addendum to this motion. Proposed amici's brief is attached as Exhibit A.

For the foregoing reasons, proposed amici respectfully request leave to participate as amici curiae and to file the attached proposed brief.

Dated: March 12, 2026

Respectfully submitted,

/s/ Tim Hwang

Tim Hwang
Foundation for American Innovation
2443 Fillmore St #380-3386
San Francisco, California 94115
(973) 960-4955
tim.hwang@thefai.org

*Counsel for Proposed Amici Curiae*

3

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 344 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Tim Hwang

Tim Hwang

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I electronically filed the foregoing motion, addendum, and Exhibit A with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, which served all counsel of record registered to receive notice through CM/ECF. I further caused copies of the foregoing motion, addendum, and Exhibit A to be served by electronic mail on the following:

Sharon Swingle

sharon.swingle@usdoj.gov

Sean R. Janda

sean.r.janda@usdoj.gov

Brian J. Springer

brian.j.springer@usdoj.gov

/s/ Tim Hwang

Tim Hwang

5

**ADDENDUM**

**CERTIFICATE OF PARTIES AND AMICI CURIAE**

Pursuant to D.C. Circuit Rule 27(a)(4), proposed *amicus curiae* Foundation for American Innovation certifies as follows:

The petitioner is Anthropic, PBC.

The respondents are the U.S. Department of War and Peter B. Hegseth, in his official capacity as Secretary of War.

There are no intervenors.

The proposed *amici curae* are the Foundation for American Innovation, Fifty Years, Fathom, ChinaTalk, Martin Chorzempa, Alex Imas, Pangram, Institute for Progress, Dean Ball, Dwarkesh Patel, Roots of Progress, and Saif Khan.

6

## DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, proposed amici curiae state as follows:

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, the entity amici are The Foundation for American Innovation, Fifty Years, Fathom, ChinaTalk, Pangram, Institute for Progress, and Roots of Progress. To the best of amici's knowledge, no entity amicus has a parent company, and no publicly held company owns 10% or more of any organizational amicus. The remaining proposed amici—Martin Chorzempa, Alex Imas, Dean Ball, Dwarkesh Patel, and Saif Khan—appear solely in their individual capacities.

These entity amici include policy and research organizations focused on innovation, industrial capacity, and technology law; analytical and media organizations focused on artificial intelligence, and strategic competition; and industry- and infrastructure-oriented organizations focused on the financing, power, and deployment conditions for advanced computing and other frontier technologies. Collectively, their work bears directly on the rules governing when and how the government may exclude technology suppliers from federal procurement and national-security-related markets.