

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, DC 20530

---

Tel: (202) 514-3388

May 12, 2026

VIA CM/ECF

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

RE:     *Anthropic PBC v. United States Department of War*, *et al.*,
        No. 26-1049 (oral argument scheduled May 19, 2026)

Dear Mr. Cislak:

We write regarding statements in the record and the government's brief in the above-referenced case.  In the April 20 declaration of Under Secretary Emil Michael, the Under Secretary stated: "[I]t has been more than 30 days since DoW notified Anthropic of its supply chain risk designation; to-date, DoW has not received a request from Anthropic to reconsider the designation or a notification of its intent to do so, per the requirements and procedures for requesting reconsideration of a Section 4713 determination."  App.422.  That declaration was provided to petitioner's counsel on April 20, 2026, and was included in the Appendix filed with petitioner's opening brief on April 22.  In its brief filed on May 6, the government repeated the statement that Anthropic had chosen to forgo using the administrative procedures available to seek reconsideration.  *See* Gov't Br. 37, 44, 55, 60.

On the afternoon of Friday, May 8, petitioner's counsel contacted undersigned counsel to inform us that petitioner's counsel believed that the statements in the declaration and brief were mistaken.  Petitioner's counsel

stated that petitioner had emailed a request for reconsideration on April 17 and provided a copy of the email, which is attached to this letter.

The government has investigated and determined that the Department did receive petitioner's email on April 17.  Petitioner, however, sent the email directly to two senior officials at the Department of War, rather than following the procedures outlined in the Secretary's notice for seeking reconsideration.  *See* App.91 (providing that Anthropic "may submit in writing" "notice of" any "request for reconsideration" and that "[a]ll notices and written information must be submitted to osd.mc-alex.ousd-a-s.mbx.10-usc-section-3252-determinations@mail.mil").  Under Secretary Michael and undersigned counsel were unaware of the email until petitioner's counsel contacted the government on May 8.  Although the email was not submitted according to the specified procedures, the Department intends to treat it as a timely request for reconsideration.

We regret any confusion.  We would appreciate your circulating this letter to the members of the panel assigned to this case.

Sincerely,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

 */s/ Sharon Swingle*

SHARON SWINGLE
SEAN R. JANDA
BRIAN J. SPRINGER
  *Attorneys*

*Counsel for Respondents*

cc:    Counsel of Record (via CM/ECF)

2

ATTACHMENT

| | |
|---|---|
| **From:** | Dunbar, Kelly P. |
| **To:** | anthony.fuscellaro1.mil@war.mil; earl.g.matthews.civ@mail.mil |
| **Cc:** | Mongan, Michael J.; Geltzer, Joshua; Lamb, Kevin; Barnet, Emily |
| **Subject:** | DoW 4713 Response - Anthropic PBC |
| **Date:** | Friday, April 17, 2026 10:57:20 AM |
| **Attachments:** | 2026.04.17 - Ltr. to DoW re 4713 Determination w Attachments.pdf |
| | image001.jpg |

Good morning,

Please find attached Anthropic's opposition to the March 3 determination sent by the Department to Anthropic on March 19. As explained in our attached letter, any additional information regarding this matter will be made available to the Department through its counsel at the Department of Justice in connection with the proceedings in *Anthropic v. Department of War*, No. 26-1049 (D.C. Cir.).

Respectfully submitted, Kelly Dunbar

**Kelly P. Dunbar | <span style="color:darkred">WilmerHale</span>**

2100 Pennsylvania Avenue NW
Washington, DC 20037 USA
+1 202 663 6262 (t)
+1 202 663 6363 (f)
kelly.dunbar@wilmerhale.com

 **One Firm. One Legacy.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

**WILMERHALE**

April 17, 2026

**Kelly P. Dunbar**

+1 202 663 6262 (t)
+1 202 663 6363 (f)
kelly.dunbar@wilmerhale.com

Col. Anthony C. Fuscellaro
Executive Secretary
Office of the Secretary of War
1000 Defense Pentagon
Washington, DC 20301-1000

Dear Col. Fuscellaro,

I write regarding the Secretary of War's March 3, 2026, determination that the use of "products and services" provided by Anthropic PBC in Department of War covered procurements "presents a supply chain risk" under 41 U.S.C. § 4713. This determination was communicated to Anthropic by letters dated March 3, 2026, and March 19, 2026. The first letter invited Anthropic to submit a "request for reconsideration" to the Department within 30 days of receipt—without providing any background, record, or basis for the Department's designation. The second letter states that Anthropic may "submit information or arguments in opposition" within "30 days" of March 19. While not required by statute or by regulation (and the government has never suggested otherwise), this letter is hereby submitted to reaffirm Anthropic's opposition to the Secretary's determination.

As you know, Anthropic has challenged the Secretary's determination by petitioning for review in the United States Court of Appeals for the District of Columbia Circuit, as required by 41 U.S.C. § 1327(b). As submitted to the D.C. Circuit, attached here is a declaration from Thiyagu Ramasamy, Anthropic's Head of Public Sector, which clarifies that it is not technologically possible for Anthropic to exercise an operational veto over the Department's use of Claude, nor would Anthropic do so if it were possible. Att. 7 at 5-9. The declaration also responds to other assertions made in the risk analysis disclosed to Anthropic on March 19. In addition to Mr. Ramasamy's declaration, Anthropic includes all other declarations previously submitted to the D.C. Circuit and may submit further information and evidence through its upcoming filings. That information shall be available to the Department through its counsel at the Department of Justice.

For all of the reasons articulated in Anthropic's D.C. Circuit petition, the post-deprivation process offered by the Department fails to comply with both statutory and constitutional requirements.

- The Secretary's March 3, 2026, letter informed Anthropic that the Department was invoking § 4713(b), "effective immediately." The Secretary of War was required to satisfy the statutory requirements of 41 U.S.C. § 4713(b), including (1) receiving a joint recommendation and a risk assessment from the Department's chief acquisition and chief information officers before making a designation, *id.* § 4713(b)(1); (2) providing Anthropic with confidential notice of the joint recommendation, along with its basis, and

WILMERHALE

April 17, 2026
Page 2

allowing Anthropic 30 days to submit additional evidence, *id.* § 4713(b)(2), (d); and (3) only after reviewing that additional evidence, making a written determination, *id.* § 4713(b)(3). The Secretary failed to satisfy those requirements. *Cf. People's Mojahedin Org. of Iran v. Dep't of State*, 613 F.3d 220, 228-230 (D.C. Cir. 2010) (remanding a case where Secretary failed to allow plaintiffs the opportunity to rebut materials relied upon prior to judicial review); *National Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 209 (D.C. Cir. 2001) (same).

- The Secretary's letter of March 19, 2026, disclosed to Anthropic that the Secretary had invoked § 4713(c), an emergency exception to delay the otherwise required procedures. That invocation was legally deficient because, among other reasons, the Secretary failed to fulfill the statutory requirement to "determine[] that an urgent national security interest requires the immediate exercise of" his § 4713 authority.

- The Secretary's conduct also violated Anthropic's Fifth Amendment right to due process by depriving Anthropic of protected liberty and property interests without sufficient process. *See, e.g.*, *Trifax Corp. v. District of Columbia*, 314 F.3d 641, 644 (D.C. Cir. 2003) (due process protections triggered when "government harmed [plaintiffs'] reputation" and "the resulting stigma 'altered [their] status in a tangible way'"); *see also National Council of Resistance of Iran*, 251 F.3d at 205 (remanding a case where Secretary failed to "afford … notice and hearing" "*before* the government" deprived petitioner of a protected interest) (emphasis added). Moreover, as described in the attached declarations, the factual bases that appear to underlie the Department's determination are mistaken.

- Finally, the Secretary's conduct violated Anthropic's First Amendment rights. Anthropic's communications with the Department and public statements regarding the importance of safety limitations on the use of AI are protected by the First Amendment. *See President & Fellows of Harvard Coll. v. DHS*, 788 F. Supp. 3d 182, 203 (D. Mass. 2025); *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 893-894 (2018). There is a nexus between Anthropic's speech and the supply-chain risk designation, and being designated a supply-chain risk as a result of petitioning and expressive activity would chill any person of "ordinary firmness." *Media Matters for Am. v. Paxton*, 138 F.4th 563, 584 (D.C. Cir. 2025).

For these reasons and others articulated in Anthropic's court filings, the Department should rescind the designation. As noted above, any additional relevant information Anthropic provides in ongoing litigation will be available to the Department through its counsel at the Department of Justice.

WILMERHALE

April 17, 2026
Page 3


Respectfully submitted,

*Kelly P. Dunbar*

Kelly P. Dunbar