**ORAL ARGUMENT HELD MAY 19, 2026**

**No. 26-1049**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――――――

ANTHROPIC PBC,

Petitioner,

v.

UNITED STATES DEPARTMENT OF WAR, et al.,

Respondents.

―――――――――

On Petition for Review of Agency Action

―――――――――

## SUPPLEMENTAL BRIEF FOR RESPONDENTS

―――――――――

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney
  General*

SHARON SWINGLE
SEAN R. JANDA
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff
  Civil Division, Room 7537
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 616-5446*

## TABLE OF CONTENTS

**Page**

GLOSSARY

INTRODUCTION AND SUMMARY ............................................................. 1

STATEMENT ............................................................................................ 2

ARGUMENT ............................................................................................ 5

    A.    This Court Should Ordinarily Decline to Review Petitions Challenging Covered Procurement Actions While a Reconsideration Request Is Pending ................................................ 5

    B.    This Court Should Not Dismiss the Petition as Premature ........ 10

CONCLUSION ......................................................................................... 13

CERTIFICATE OF COMPLIANCE

ADDENDUM

## TABLE OF AUTHORITIES

**Cases:**                                                                                    **Page(s)**

*Abbott Lab'ys v. Gardner,*
  387 U.S. 136 (1967) ...............................................................................9

*Flat Wireless, LLC v. FCC,*
  944 F.3d 927 (D.C. Cir. 2019) ..............................................................6

*National Ass'n of Immigr. Judges v. FLRA,*
  77 F.4th 1132 (D.C. Cir. 2023)........................................................7, 11

*Outland v. Civil Aeronautics Bd.,*
  284 F.2d 224 (D.C. Cir. 1960) .............................................................6, 8

*Sidak v. U.S. Int'l Trade Comm'n,*
  174 F.4th 151 (D.C. Cir. 2026)..............................................................9

*Snohomish County v. Surface Transp. Bd.,*
  954 F.3d 290 (D.C. Cir. 2020) ..............................................................12

*TeleSTAR, Inc. v. FCC,*
  888 F.2d 132 (D.C. Cir. 1989) .........................................................7, 11

*United States v. Sineneng-Smith,*
  590 U.S. 371 (2020) ..............................................................................11

*United Transp. Union v. ICC,*
  871 F.2d 1114 (D.C. Cir. 1989) ........................................................6, 8

**Statutes:**

Federal Acquisition Supply Chain Security Act of 2018,
  Pub. L. No. 115-390, tit. II, 132 Stat. 5173,
    41 U.S.C. § 1327 .................................................................................8
    41 U.S.C. § 1327(a).............................................................................4
    41 U.S.C. § 1327(b).............................................................................5
    41 U.S.C. § 1327(b)(1) .....................................................................4, 9
    41 U.S.C. § 4713 ................................................................................3
    41 U.S.C. § 4713(a).............................................................................2

41 U.S.C. § 4713(c) ...................................................................................3
41 U.S.C. § 4713(c)(2) ...........................................................................2, 8
41 U.S.C. § 4713(c)(2)(A) .........................................................................3
41 U.S.C. § 4713(c)(2)(B) .......................................................................3, 8
41 U.S.C. § 4713(c)(2)(C) .........................................................................3
41 U.S.C. § 4713(k)(4) ..............................................................................3

5 U.S.C. § 704 .........................................................................................9

28 U.S.C. § 2342 .....................................................................................9

**Other Authorities:**

Comm. on Rules of Prac. & Proc., Jud. Conf. of the U.S.,
  *Preliminary Draft: Proposed Amendments to the Federal Rules of
  Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal
  Rules of Evidence* (Aug. 15, 2025),
  https://perma.cc/BH63-CDUJ ...............................................................11

# GLOSSARY

| | |
|---|---|
| App. | Appendix |
| Department | Department of War |
| Secretary | Secretary of War |

## INTRODUCTION AND SUMMARY

The government respectfully submits this supplemental brief in response to the Court's order requesting briefing "addressing the effect, if any, of Anthropic's April 17 letter on this court's jurisdiction." Order (May 21, 2026). In that letter, petitioner sought reconsideration of the Secretary of War's supply-chain risk determination and the Secretary's decision to undertake the covered procurement actions that petitioner challenges in this case. The Secretary has now denied that reconsideration request and reaffirmed his original conclusions.

In the ordinary case, the Court would properly decline to adjudicate a petition for review while a request for reconsideration like the one submitted by petitioner remained pending. Multiple related doctrines would support that result. Under this Court's "incurably premature" doctrine, petitions for review are ordinarily treated as premature—and incurably so—if the party also requests administrative reconsideration and that request is pending simultaneously with the petition. And although the Court has often located that doctrine in express finality requirements that are absent from the judicial review provision relevant here, the Court has also applied similar prematurity principles in cases not involving such provisions. Similarly,

related equitable principles would support deferring judicial review pending resolution of any reconsideration request.

In the particular circumstances presented here, however, the Court should not dismiss the petition. Because the parties and the Court have already invested substantial resources in this case and because the Secretary has now acted on the reconsideration request, prudential considerations weigh against dismissing the petition. And the government has not pressed any prematurity or ripeness argument given those considerations. Nor do the relevant principles—including the principle that a premature filing is incurable—reflect jurisdictional limitations in this case that the Court must invoke on its own initiative. The Court should thus proceed to resolving the petition on the merits.

## STATEMENT

Congress has vested the Secretary with authority to address national-security supply-chain risks by undertaking specified "covered procurement action[s]" when he determines that such a risk exists. *See* 41 U.S.C. § 4713(a). These actions include ordering "exclusion of [the] source" from covered procurements and "withhold[ing] consent for a contractor to

2

subcontract with [the] particular source" on covered procurements. *Id.* § 4713(k)(4).

Petitioner is an artificial-intelligence company. App.2. On March 3, the Secretary of War determined that the use of petitioner's products or services in the Department of War's systems "presents a significant supply chain risk" and announced that he would take "all covered procurement actions" authorized by § 4713. App.367. Since then, the Department and its contractors have begun the process of implementing that designation. *See* Pet. Br. 6-8.

In undertaking the challenged actions, the Secretary invoked a provision of the statute that permits the Secretary, in certain circumstances, to act before providing the covered source with notice or the opportunity to respond. *See* 41 U.S.C. § 4713(c). When that provision is invoked, the Secretary must, "as soon as practicable after addressing the urgent national security interest," "provid[e] the notice" to the source, "promptly consider[] any information submitted by the source," and "mak[e] any appropriate modifications to the determination based on such information." *Id.* § 4713(c)(2)(A)-(C).

3

Consistent with that statutory requirement, the Secretary provided notice of the determination to petitioner on March 3 and delivered the determination and supporting materials to petitioner on March 19. *See* App.72-73; App.224-32. The March 3 letter informed petitioner that it could request reconsideration within 30 days and submit any information or arguments regarding such a request that it wished the Department to consider. *See* App.73-75. The March 19 letter reiterated that petitioner could "submit information or arguments in opposition . . . within 30 days of receipt," after which the Secretary would "review any such information" and "issue a final decision regarding any appropriate modifications to the original determination." App.224.

Petitioner filed this petition for review on March 9. The petition challenges the covered procurement actions that the Department has taken following the March 3 determination. This Court has jurisdiction over the petition under 41 U.S.C. § 1327(b)(1), which provides: "Not later than 60 days after a party is notified of . . . a covered procurement action under section 4713 of this title, the party may file a petition for judicial review in" this Court "claiming that the . . . covered procurement action is unlawful." 41 U.S.C. § 1327(b)(1); *see also id.* § 1327(a) (providing, with an exception not

4

relevant here, that covered procurement actions "shall not be subject to . . . judicial review" "[e]xcept as provided in" § 1327(b)).

On April 17, within 30 days after the March 19 letter, petitioner submitted a response to the Department urging reconsideration of the designation and the challenged actions. *See* Letter (May 12, 2026). On June 3, the Secretary denied the request for reconsideration. In denying that request, the Secretary reaffirmed his previous conclusions regarding the supply chain risks posed by the use of petitioner's products and services in the Department's national-security systems. *See* Add.1. And the Secretary made clear that his previous determination "did not depend on a particular understanding of" the extent to which petitioner maintains real-time access even after its products are deployed on the Department's systems. Add.1-2.

## ARGUMENT

### A.   This Court Should Ordinarily Decline to Review Petitions Challenging Covered Procurement Actions While a Reconsideration Request Is Pending

**1.** In general, a party challenging agency action may not simultaneously pursue judicial review and administrative reconsideration of the action. Such an attempt will typically fail under the "incurably premature" doctrine.

That doctrine stems from the recognition that when a "party elects to seek a rehearing" before the agency, "there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary." *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227 (D.C. Cir. 1960). As a result, "[p]ractical considerations . . . dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon" in order to avoid the "whole train of unnecessary consequences" that may attend litigating a petition that will shortly be rendered moot. *Id.* at 227-28.

The incurably premature doctrine contains two distinct principles. First, a "pending request for administrative reconsideration renders an agency action nonfinal and unreviewable." *Flat Wireless, LLC v. FCC*, 944 F.3d 927, 933 (D.C. Cir. 2019). This Court has often located that principle in statutory provisions that permit judicial review only of final agency actions. *See United Transp. Union v. ICC*, 871 F.2d 1114, 1116-17 (D.C. Cir. 1989). Where the relevant finality requirement reflects a restriction on this Court's jurisdiction, the Court has treated premature petitions as jurisdictionally deficient. *See, e.g.*, *Flat Wireless*, 944 F.3d at 933 (emphasizing that the Court's jurisdiction under the Hobbs Act "extends only to final orders" of the

FCC (quotation omitted)); *see also National Ass'n of Immigr. Judges v. FLRA*, 77 F.4th 1132, 1136-37 (D.C. Cir. 2023) (per curiam) (similar).

Second, a premature petition for review does not ripen once the agency acts on the reconsideration motion. That principle stems from this Court's decision in *TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C. Cir. 1989) (per curiam), which held "that when a petition for review is filed before the challenged action is final and thus ripe for review, subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction." In "develop[ing] this bright line test," the Court emphasized its desire "to discourage the filing of petitions for review until after the agency completes the reconsideration process" in order to avoid the "pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration." *Id.* The Court determined, however, to "give this rule prospective effect" only, such that the Court "den[ied] the motion to dismiss" the petition in that case "and permit[ted] consideration of the originally-premature petition for review." *Id.*

**2.** The principles underlying the incurably premature doctrine apply with equal force to petitions for review challenging covered procurement

7

actions while a request for reconsideration under 41 U.S.C. § 4713(c)(2) is pending. That statute requires the agency head to "promptly consider[] any information submitted by the source" as part of such a request and to "mak[e] any appropriate modifications to the" underlying "determination based on such information." 41 U.S.C. § 4713(c)(2)(B). Those modifications may include rescinding the designation altogether or altering its scope, and they may result in the agency choosing to modify or rescind the covered procurement actions that are subject to judicial review. Thus, practical considerations would ordinarily support treating as premature any petition for review filed before a reconsideration request has been acted on.

That conclusion is not altered merely because the relevant judicial review provision lacks an express finality requirement. Although this Court has often located the prematurity principle in statutory finality requirements, it has also applied the principle even in the absence of such requirements. *Compare United Transp. Union*, 871 F.2d at 1116-17 (locating principle in statutory finality requirement), *with Outland*, 284 F.2d at 226-27 (applying principle in the context of a judicial review statute without a finality requirement). And there are sound bases to conclude that § 1327 reflects Congress's desire to restrict judicial review to final covered

8

procurement actions. Such a restriction is common across statutes authorizing judicial review of agency action. *See, e.g.*, 5 U.S.C. § 704; 28 U.S.C. § 2342. Particularly in light of Congress's determination to permit review only of covered procurement actions (rather than review of the underlying supply-chain risk determination in the abstract), *see* 41 U.S.C. § 1327(b)(1), the statute is best read to incorporate, rather than depart from, the finality rules that typically govern review of agency actions. *Cf. Sidak v. U.S. Int'l Trade Comm'n*, 174 F.4th 151, 158 (D.C. Cir. 2026) (explaining that "courts often read finality requirements" into "statutory rights of action" that do not expressly contain them).

Moreover, even beyond the incurably premature doctrine, other doctrines grounded in similar principles counsel in favor of deferring judicial review pending the resolution of a reconsideration request. For example, under the doctrine sometimes called "prudential ripeness," courts may determine that judicial review would be premature based on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967); *see also Sidak*, 174 F.4th at 157 (explaining that the Supreme Court has "not overruled the two-part test for prudential ripeness that it outlined in *Abbott*

9

*Laboratories*").  Thus, in a circumstance where a party requested administrative reconsideration of a covered procurement action and could not demonstrate any immediate harm from deferring judicial review pending resolution of that request, this Court could properly conclude that any petition for review was premature.

### B.    This Court Should Not Dismiss the Petition as Premature

In the particular circumstances here, however, the Court should not dismiss the petition as premature but should proceed to consider the petition on the merits.  As an initial matter, the principles animating the incurably premature doctrine do not counsel in favor of dismissing this specific petition.  The petition has already been fully briefed and argued on a highly expedited schedule, which has required the parties and the Court to expend substantial resources.  And now that the Secretary has denied the reconsideration request, there is no possibility that the request will obviate the need for judicial review.  In these circumstances, there is no sound reason for requiring the parties and the Court to restart the judicial review process with a new petition for review.  In light of those realities, the government has deliberately chosen not to press the argument that the

10

petition should be dismissed as incurably premature.  *Cf. United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).

Although the Court is required to consider jurisdictional issues on its own initiative, *see National Ass'n of Immigr. Judges*, 77 F.4th at 1136-37, there is no jurisdictional barrier preventing this Court's review of the petition.  As explained above, this Court's incurably premature doctrine blends two separate principles:  first, that a petition for review is premature while a reconsideration request is pending; and second, that such prematurity is incurable.  Whatever the jurisdictional status of the first principle in this context, the second principle plainly does not reflect a limit on this Court's subject-matter jurisdiction.  To the contrary, in initially developing that principle, this Court framed it as a prudential bright-line rule based on policy considerations and determined to apply it only prospectively, belying any argument that the principle reflects a jurisdictional limitation.  *See TeleSTAR*, 888 F.2d at 134.  Further underscoring the nature of that principle as prudential rather than jurisdictional, the Judicial Conference Standing Committee has recently proposed amendments to Federal Rule of Appellate Procedure 15, under which a prematurely filed petition for review would "become[] effective" once "the agency disposes of the last [relevant]

11

petition for rehearing." Comm. on Rules of Prac. & Proc., Jud. Conf. of the U.S., *Preliminary Draft: Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence* 9 (Aug. 15, 2025), https://perma.cc/BH63-CDUJ.

Thus, even assuming that the petition was premature while the reconsideration request was pending, the Court may properly treat the petition as having ripened now that the Secretary has denied reconsideration. On that understanding, the Court may proceed to resolve the petition on the merits rather than dismiss it as premature. If, however, the Court is concerned that it may lack jurisdiction, petitioner could cure any problem by filing a new petition for review now that the Secretary has denied reconsideration and the Court could consolidate that new petition with the original one. *See Snohomish County v. Surface Transp. Bd.*, 954 F.3d 290, 298 (D.C. Cir. 2020) (following this procedure in similar circumstances).

## CONCLUSION

For the foregoing reasons, this Court should not dismiss the petition for review as premature.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney*
  *General*

SHARON SWINGLE
SEAN R. JANDA

 */s/ Brian J. Springer*
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7537*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5446*
  *brian.j.springer@usdoj.gov*

JUNE 2026

13

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set by this Court's order of May 21, 2026, because it contains 2316 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

*/s/ Brian J. Springer*
Brian J. Springer

# ADDENDUM

CUI



**SECRETARY OF WAR**
**1000 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1000**

JUN 0 3 2026

### Decision Regarding Reconsideration of Determination

In accordance with Section 4713(b)(2) and (c)(2)(A)-(B) of title 41, United States Code (U.S.C.), ("Section 4713"), and the Requirements and Procedures for Requesting Reconsideration of a Section 4713 Determination, I have reviewed Anthropic, PBC,'s April 17, 2026,[1] request for reconsideration of my March 3, 2026, Section 4713 determination ("Determination") that the use of its products and services in the Department of War's covered systems presents a significant supply chain risk.

**Reconsideration Decision.** In accordance with Section 4713(b)(2) and (c)(2)(A)-(B), I hereby reaffirm my prior Determination that (i) the use of the authority set forth in Section 4713(a) with respect to covered procurements involving Anthropic, PBC, and its subordinates, subsidiaries, or affiliated offices or entities, doing business under various names, and all successors or assigns thereof (the "Covered Entity"), remains necessary to protect national security by reducing significant supply chain risk, (ii) less intrusive measures are not reasonably available to reduce such supply chain risk, and (iii) the use of such authorities continues to apply to the class of procurements described in the prior Determination. The scope and applicability of the prior Determination remain unchanged and in effect.

**Explanation of Reconsideration Decision.** In its request for reconsideration, Anthropic failed to submit materially new information or arguments in support of its request. Instead, Anthropic simply incorporated by reference the information and arguments contained in its filings in *Anthropic, PBC v. Dept of War*, No. 26-1049 (D.C. Cir.) ("*Anthropic*"). The factual information contained in Anthropic's request and filings was largely already known to the Department and in part informed the prior Determination. I have also considered the legal arguments made in Anthropic's request and filings and find them unpersuasive. Because Anthropic did not submit information or arguments that address the supply chain risks identified in my prior Determination and its supporting Joint Recommendation and Risk Analysis, Anthropic failed to demonstrate any basis for altering or rescinding the prior Determination.

For clarification, my prior Determination did not depend on a particular understanding of the Covered Entity's real-time technical access to or control of its products and services post-deployment on the Department's covered systems. The pre-deployment risks with the Covered Entity's products and services, the loss of trust, and other risk factors described in detail in the Joint Recommendation, Risk Analysis, and the Under Secretary of War for Researching & Engineering's declarations filed in support of the Department in *Anthropic* were and remain sufficient to support the prior Determination. Nor does this Reconsideration Decision depend on a particular understanding of the Covered Entity's real-time technical access to or control of its

---

[1] Anthropic submitted its request for reconsideration via email to the Department of War on April 17, 2026. However, Anthropic sent the email directly to two senior officials at the Department, rather than following the procedures outlined in my notice for seeking reconsideration. As a result, the correct Department officials were unaware of Anthropic's request until May 8, 2026. Although the email was not submitted according to the specified procedures, the Department has treated it as a timely request for reconsideration.

Controlled By: OSW OGC
Category: ~~PRIVILEGE~~
Dissemination Control: ~~ATTORNEY WP~~
POC: ██████████

CUI

Add.1

CUI

products and services post-deployment on the Department's covered systems. This Reconsideration Decision is premised on the pre-deployment risks, loss of trust, and other risk factors noted above and described in the Joint Recommendation and Risk Analysis, the Under Secretary of War for Researching & Engineering's declarations filed in support of the Department in *Anthropic*, and Anthropic's failure to submit materially new information in its request.

2