Clerk of the Court

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN - 3 2026

RECEIVED

United States Court of Appeals

for the District of Columbia Circuit

333 Constitution Ave NW

Washington, DC 20001

Re: Case No. 26-1049, *Anthropic PBC v. United States Department of War*

**Submission of Proposed Amicus Curiae Brief — Human Flag Association**

Dear Clerk of the Court,

Enclosed please find the following documents submitted by Human Flag Association as proposed amicus curiae in the above-captioned matter:

1.  Motion for Leave to File Amicus Curiae Brief Out of Time

2.  Proposed Amicus Curiae Brief

Human Flag Association ("HFA") is a Switzerland-based humanitarian technical initiative conducting technical work concerning AI-mediated signaling and International Humanitarian Law compliance architectures, including the publicly available HF SIGNAL 01 protocol.

The proposed submission addresses a narrow technical and legal distinction concerning AI safeguard characterization and surrender-recognition capability in

AI-enabled operational systems. Specifically, it demonstrates that certain safeguards implement binding obligations under International Humanitarian Law.

The submission is offered solely to assist the Court regarding a specialized technical perspective that may not otherwise be fully represented in the present matter. HFA takes no position on the ultimate merits of the appeal.

In light of unforeseen technical obstacles to electronic filing (detailed in the Motion), and given the narrow, technical nature of the proposed submission, HFA respectfully requests leave to file out of time. The delay has been both unintentional and unavoidable.

Respectfully submitted,

Giovanni Nardacci

Founder, Human Flag Association

Bellinzona, Switzerland

humanflag.org

humanflag@email.com

UNGM Partner No. 6126

May 25, 2026

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Anthropic PBC,

Plaintiff-Appellant,

v.

United States Department of War, et al.,

Defendants-Appellees.

Case No. 26-1049

**PROPOSED BRIEF OF AMICUS CURIAE**

**HUMAN FLAG ASSOCIATION**

**REGARDING AI SAFEGUARDS, SURRENDER RECOGNITION,**

**AND INTERNATIONAL HUMANITARIAN LAW**

**INTEREST OF AMICUS CURIAE**

Human Flag Association ("HFA") is a Switzerland-based humanitarian technical initiative focused on standards relevant to civilian protection, surrender recognition, and operational compliance with International Humanitarian Law ("IHL") in AI-enabled operational environments.

1

HFA developed **HF SIGNAL 01**, an open surrender recognition signaling protocol intended to demonstrate the technical feasibility of machine-interpretable surrender recognition architectures suitable for both human and AI-enabled operational systems.

This proposed submission does not address the broader merits of the present dispute and takes no position regarding the ultimate disposition of the appeal. Its purpose is limited to one narrow technical and legal observation concerning the characterization of AI safeguards in operational military systems.

## SUMMARY OF ARGUMENT

The present litigation includes arguments concerning whether AI safeguard mechanisms may impair national security or operational effectiveness.

This proposed amicus submission respectfully submits that **AI safeguards fall into two distinct categories**:

**Discretionary policy preferences** — optional limitations reflecting ethical, reputational, or strategic choices.

**Mandatory operational requirements** — mechanisms implementing binding obligations under International Humanitarian Law, including the duty to recognize surrender and protect persons *hors de combat*.

Under **Common Article 3 of the Geneva Conventions** and **Article 41 of Additional Protocol I**, the obligation to refrain from attacking persons who clearly express an intention to surrender remains operationally relevant regardless of whether force is applied through human-operated or AI-enabled systems.

The absence of surrender recognition capability does not necessarily increase operational safety or national security. Under certain conditions, systems lacking lawful use safeguards may instead become less predictable, less controllable, and legally more hazardous in operational environments.

**HF SIGNAL 01** is relevant not as dispositive authority, but because it demonstrates that surrender recognition signaling architectures are technically feasible.

## ARGUMENT

## I. INTERNATIONAL HUMANITARIAN LAW RECOGNIZES OBLIGATIONS CONCERNING SURRENDER AND HORS DE COMBAT STATUS

Common Article 3 of the Geneva Conventions prohibits violence against persons placed *hors de combat*.

Article 41 of Additional Protocol I further recognizes that persons who clearly express an intention to surrender shall not be made the object of attack.

These obligations are operational in nature. Their relevance does not disappear merely because operational decisions are assisted or executed by AI-enabled systems.

## II. THE CHARACTERIZATION OF AI SAFEGUARDS IS LEGALLY SIGNIFICANT

The term "AI safeguard" encompasses materially different categories of operational behavior.

The distinction is not merely academic. Where a safeguard implements a legal

3

obligation — such as the duty to recognize surrender under **Article 41** — its removal **may constitute** a **legal risk,** not merely an operational choice. This transforms the debate from one of policy preference to one of compliance with binding law.

Where operational systems are incapable of recognizing surrender indicators or *hors de combat* status, the resulting absence of lawful use safeguards may itself become operationally and legally significant.

The systematic exclusion of technically achievable surrender recognition safeguards creates foreseeable risks of non-compliance with obligations recognized under Common Article 3 and Article 41.

This Court need not resolve these questions to recognize that the contractual provisions at issue may serve a function beyond commercial dispute by preserving operational constraints relevant to lawful engagement obligations under International Humanitarian Law.

## III. TECHNICAL FEASIBILITY IS RELEVANT TO THE CHARACTERIZATION OF AI SAFEGUARDS

**HF SIGNAL 01** provides a publicly documented protocol demonstrating the feasibility of surrender recognition signaling and related compliance-oriented architectures. It is not a hypothetical proposal; it is a proof of concept architecture.

The protocol defines machine-interpretable optical and radio surrender indicators suitable for automated recognition environments. The technical details and implementation structure are provided in **Appendix A**.

Where safeguards relevant to IHL compliance are technically achievable, their exclusion may itself become operationally and legally significant. Technical

4

feasibility bears directly on foreseeability, mitigation capability, and the availability of operational alternatives.

## RELEVANCE TO THE COURT'S REVIEW

Human Flag Association respectfully submits that the absence of surrender recognition mechanisms in AI-enabled autonomous systems **may constitute a foreseeable and avoidable risk of non-compliance** with International Humanitarian Law obligations, rather than an enhancement of national security.

Given the technical feasibility demonstrated by **HF SIGNAL 01**, the continued absence of such safeguards **is difficult to justify solely as** a necessary security measure. **It may instead reflect the acceptance of foreseeable legal risk.**

## CONCLUSION

For these reasons, Human Flag Association respectfully requests that this Court:

1.  Recognize the critical distinction between discretionary operational limitations and mandatory IHL-compliant safeguards.

2.  Acknowledge that the **absence** of surrender recognition mechanisms in AI-enabled systems may constitute a foreseeable legal risk under International Humanitarian Law.

3.  Consider that the contractual provisions at issue may serve a function beyond commercial dispute by preserving the only currently existing contractual constraint on AI deployment scenarios that may otherwise proceed without IHL-compatible safeguards.

5

Respectfully submitted,

Giovanni Nardacci

Founder, Human Flag Association

Bellinzona, Switzerland

humanflag.org

humanflag@email.com

UNGM Partner No. 6126

May 25, 2026

---

## CERTIFICATE OF COMPLIANCE

This document was prepared in Times New Roman 14-point font and substantially complies with the formatting requirements of Federal Rule of Appellate Procedure 32. Pursuant to Fed. R. App. P. 29(a)(4)(E), no party's counsel authored this brief in whole or in part, and no person other than the amicus contributed money intended to fund its preparation or submission.

---

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2026, copies of the foregoing Proposed Brief of Amicus Curiae and accompanying Motion for Leave were provided to counsel of record for all parties by electronic mail.

6

Giovanni Nardacci

Founder, Human Flag Association

APPENDIX A

Summary of HF SIGNAL 01 — Relevance to the Present Matter

What it is:

HF SIGNAL 01 is a civilian surrender recognition protocol developed by Human Flag Association. It defines standardized, machine-interpretable signals designed to communicate surrender or non-hostile intent to autonomous or semi-autonomous systems.

Technical specifications:

The protocol combines two channels — a pulsating white light at 7Hz for optical recognition systems, and a continuous FM tone at 144.0MHz for radio detection. Both channels are designed to be interpretable by automated systems without human mediation.

Legal foundation:

The protocol was designed with explicit reference to Geneva Convention Common Article 3 and Additional Protocol I, Article 41, which require parties to armed conflict to recognize and protect persons who are hors de combat, including those who clearly express an intention to surrender.

Relevance to this case:

HF SIGNAL 01 demonstrates that surrender-recognition capability for autonomous systems is technically implementable. The protocol was completed and publicly documented approximately ten months prior to this litigation, supporting the position that AI safeguards designed to enable lawful engagement discrimination are not inherently adverse to national security. They may instead be necessary for compliance with binding international humanitarian

law obligations.

Documentation:

Full protocol specification, cryptographic verification, and version history are publicly available at:

https://github.com/nardaxxx/hf-signal-01

Respectfully submitted,

**Giovanni Nardacci**

Founder, Human Flag Association

Bellinzona, Switzerland



26.05.26 08:28

CH - 6500
Bellinzona 1
P.P. Postage Paid

1434

pro clima

**PRIORITY**

CHF        10.30

Gross 2
0.094 kg

✚P

**R**
Recommandé

RD 146 814 344 CH

Please scan - Signature required

Veuillez scanner - Remise contre Signature





SCREENED BY
U.S. MARSHALS

JUN 03

CLERK OF THE COURT

UNITED STATES COURT OF APPEALS

FOR THE DISCRICT OF COLUMBIA CIRCUIT

333 COSTITUTION AVENUE NW

WASHINGTON, DC 20001

USA

MITT: HUMAN FLAG ASSOCIATION
PRESIDENT GIOVANNI NARDACCI
VIA VISCONTI 1
6500 BELLINZONA
SWITZERLAND

USCA Case #26-1049    Document #2176978    Filed: 06/03/2026    Page 13 of 13



  

7 640219 231470

FSC

pro clima
post.ch/klimaneutral
Versand