**ORAL ARGUMENT HELD MAY 19, 2026**

**Nos. 26-1049, 26-1162**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————————

ANTHROPIC PBC,

Petitioner,

v.

UNITED STATES DEPARTMENT OF WAR, et al.,

Respondents.

———————————

On Petitions for Review of Agency Action

———————————

**SECOND SUPPLEMENTAL BRIEF FOR RESPONDENTS**

———————————

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. McARTHUR
  *Deputy Assistant Attorney
  General*

SHARON SWINGLE
SEAN R. JANDA
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff
  Civil Division, Room 7260
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-3388*

## TABLE OF CONTENTS

**Page**

GLOSSARY

INTRODUCTION AND SUMMARY...............................................................1

STATEMENT ...............................................................................................2

ARGUMENT .................................................................................................4

    A.    The Reconsideration Decision Confirms the Lawfulness of the Underlying Determination ...........................................................4

    B.    Petitioner's Procedural Contentions Are Baseless.........................7

CONCLUSION.............................................................................................14

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                **Page(s)**

*Allina Health Servs. v. Sebelius*,
  746 F.3d 1102 (D.C. Cir. 2014) ........................................................ 12

*Codd v. Velger*,
  429 U.S. 624 (1977) .......................................................................... 9

*Esparraguera v. Department of the Army*,
  101 F.4th 28 (D.C. Cir. 2024) .......................................................... 10

*Fuentes v. Shevin*,
  407 U.S. 67 (1972) ........................................................................... 10

*Gregg v. Moss*,
  81 U.S. (14 Wall.) 564 (1871) ......................................................... 10

*Hornbuckle v. Stafford*,
  111 U.S. 389 (1884) ......................................................................... 10

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
  591 U.S. 657 (2020) ......................................................................... 13

*Market St. Ry. Co. v. Railroad Comm'n*,
  324 U.S. 548 (1945) ......................................................................... 10

*McDonough Power Equip., Inc. v. Greenwood*,
  464 U.S. 548 (1984) ......................................................................... 12

*Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*,
  896 F.3d 520 (D.C. Cir. 2018) ......................................................... 11

*Shinseki v. Sanders*,
  556 U.S. 396 (2009) .............................................................. 10, 12, 13

*Suburban Air Freight, Inc. v. Transportation Sec. Admin.*,
  716 F.3d 679 (D.C. Cir. 2013) ......................................................... 11

*Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.,*
  505 U.S. 214 (1992) ...................................................................................... 11

**Statutes:**

5 U.S.C. § 706 ............................................................................................... 12

28 U.S.C. § 2111 ........................................................................................... 12

38 U.S.C. § 7261(b)(2) ................................................................................. 12

41 U.S.C. § 1327 ........................................................................................... 11

41 U.S.C. § 4713(c) .........................................................................................2

41 U.S.C. § 4713(c)(1)(A)-(B) ...................................................................... 8

41 U.S.C. § 4713(c)(2)(A) ............................................................................. 8

41 U.S.C. § 4713(c)(2)(B) ............................................................................. 8

49 U.S.C. § 46110 ......................................................................................... 11

**Rule:**

Fed. R. Civ. P. 61 ......................................................................................... 12

**Other Authority:**

U.S. Dep't of Justice, *Attorney General's Manual on the Administrative
  Procedure Act* (1947) ................................................................................ 10

# GLOSSARY

| | |
|---|---|
| Add. | Addendum |
| APA | Administrative Procedure Act |
| App. | Appendix |
| Department | Department of War |
| Secretary | Secretary of War |

## INTRODUCTION AND SUMMARY

The government respectfully submits this supplemental brief to address the Secretary of War's denial of petitioner's reconsideration motion. That denial further confirms the error in petitioner's attempts to have this Court vacate the Secretary's determination.

First, the Secretary's reconsideration decision makes clear—to the extent that any clarification was required—that his underlying determination of national-security risk did not depend on the premise that petitioner maintains real-time access to its model after it is deployed on the Department of War's classified systems. Instead, the Secretary clarified, petitioner's undisputed ability to manipulate each version of its model before deployment suffices to establish the requisite national-security risk. Petitioner's arguments regarding post-deployment access thus provide no basis to grant its petitions.

Second, the reconsideration decision further undermines petitioner's claims that it should have received notice and an opportunity to respond before the designation. The government has already explained that these arguments are incorrect on their own terms, and the Secretary's immediately effective designation comported with the relevant statutory and

constitutional requirements.  Regardless, petitioner has now received the opportunity to respond that it sought, and the Secretary has considered petitioner's submission and determined that it does not alter his conclusion. And petitioner has not identified any way in which it was prejudiced by receiving this process after, rather than before, the initial designation.  Thus, any procedural error would not provide a basis for vacatur.

## STATEMENT

As detailed in the government's previous filings, these petitions for review arise out of the Secretary's determination that the use of petitioner's products or services in the Department's systems "presents a significant supply chain risk" and that petitioner's products or services should be excluded from certain Department systems.  App.367.  The risk identified by the Secretary stems from the potential that petitioner will manipulate its model to restrict or "inhibit the [Department's] use," which could cause significant harm to the Department's "operational capabilities."  App.368.

When the Secretary originally designated petitioner, he did so pursuant to statutory procedures permitting the Secretary, in certain circumstances, to act before providing notice or the opportunity to respond. *See* 41 U.S.C. § 4713(c).  As required by the relevant statute, the Secretary

then promptly provided petitioner with notice of the determination, the materials underlying the determination, and the opportunity to request reconsideration of the determination.  *See* App.72-75; App.224-32.

On April 17, petitioner submitted a letter that the Department has treated as a request for reconsideration.  In the main, that letter summarized petitioner's legal arguments challenging the determination as reflected in petitioner's filings in this Court. *See* Letter 1-2.  In addition, the letter referenced the factual assertions that petitioner developed in its filings.  *See* Letter 1.  Of particular relevance here, those included petitioner's statement that it "is not able to make ongoing alterations to existing models" after those models are deployed on the Department's systems.  *See* App.288-90.

The Secretary has now denied petitioner's request for reconsideration and "reaffirm[ed]" his previous determinations.  Add.1.  The Secretary explained that petitioner's reconsideration request did not include "materially new information," instead "simply incorporat[ing] by reference the information and arguments contained in its" court filings.  *Id.*  That information, the Secretary concluded, "was largely already known to the Department" and did not "address the supply chain risks identified in" the determination.  *Id.*

3

## ARGUMENT

### A.    The Reconsideration Decision Confirms the Lawfulness of the Underlying Determination

The Secretary's reconsideration decision clarifies that his original determination did not turn on any premise about petitioner's post-deployment access to the model.  As a result, petitioner's contentions about such access provide no reason to disturb the determination.

In the materials underlying the Secretary's original determination, the Department focused on the risk that petitioner might "unilaterally alter" its model to "fundamentally change the system's function" and thereby "create[] a significant operational risk."  App.229.  As the government has explained, that potential risk does not depend on petitioner's ongoing access to the model while it is deployed on Department systems.  It instead stems from petitioner's creation, training, and updating of each successive version of its model before deployment, particularly given the Department's need to use the most advanced versions of this technology.  *See* Gov't Br. 44-46, 51-53.

But if there were any doubt about that, the reconsideration decision resolves that doubt.  The Secretary has now made clear that his "prior Determination did not depend on a particular understanding of [petitioner's] real-time technical access to or control of its products and services post-

deployment on the Department's covered systems." Add.1. Instead, the various "pre-deployment risks" that the Secretary had previously identified "were and remain sufficient to support the prior Determination." *Id.*

The reconsideration decision thus highlights the error in petitioner's arguments regarding post-deployment access. In its briefing, petitioner contended that the determination was "based" on "the theory that [petitioner] possessed" the "technical capability to" interfere with its model "after deployment in classified systems." Reply Br. 15. And petitioner contended that it was entitled to relief against the determination on the basis that it did not have this capability, notwithstanding the concerns identified in the original determination and supporting materials regarding petitioner's ability to encode—before deployment—limits into its model to reflect its own policy judgments. In petitioner's view, this Court must vacate the determination "unless it is certain that the agency would have adopted it even absent" any belief that petitioner possessed post-deployment access. Reply Br. 16-17 (alteration and quotation omitted). The reconsideration decision further provides the certainty that petitioner demands and thus petitioner's arguments regarding post-deployment access provide no basis for granting the petitions for review.

Petitioner is incorrect (at 4) that the Secretary's explanation reflects a "revisionist account." As explained, the key risk the Secretary has identified all along stems from the possibility that petitioner might manipulate its model to restrict the Department's use, regardless whether that manipulation happens pre- or post-deployment. Although the Department understood certain of petitioner's employees to have post-deployment access through Amazon Web Services, *see* App.413, the reconsideration determination clarifies that this particular avenue of access was not necessary to the Secretary's ultimate determination—and, instead, that petitioner's undisputed ability to manipulate the model pre-deployment alone gives rise to the relevant national-security risk. And petitioner's cited cases (at 4) regarding circumstances where an agency departs from its precedent are inapposite here, where the Secretary has simply clarified the relative importance of different considerations underlying his determination.

Petitioner makes no more headway when it focuses on the Secretary's statement that the information petitioner submitted with its reconsideration requirement was "largely already known to the Department" and thus did not undercut the Secretary's previous determination. Add.1. Petitioner argues that this statement reflects that "the Secretary knew at the time of

the designation that [petitioner] lacked post-deployment access" but "nonetheless relied on that theory to justify the designation." Suppl. Br. 5. That is incorrect. Petitioner's reconsideration request incorporated all information it presented to this Court. The Secretary's confirmation that the Department "largely" already knew that information does not speak specifically to the post-deployment-access assertion that petitioner now highlights. The relevant point regarding that specific assertion, addressed elsewhere in the reconsideration decision, is that the possibility of such access was not integral to the Secretary's original decision.

Finally, petitioner spends substantial space arguing (at 6-7) that the Secretary's underlying determination was unlawful. Those arguments do no more than repeat contentions that petitioner has already made its briefing, and the government has already explained the error in those contentions. *See* Gov't Br. 46-51 (addressing argument that risks were unlikely to materialize); Gov't Br. 39-42 (addressing argument that identified risks do not come within those contemplated by the statute).

## B.    Petitioner's Procedural Contentions Are Baseless

Petitioner's supplemental brief also renews its flawed procedural objections. Here, the Department followed statutorily prescribed

procedures that comport with due process. *See* Gov't Br. 30-36, 55-62. The Secretary exercised his discretion to make the designation immediately effective. App.367; *see* 41 U.S.C. § 4713(c)(1)(A)-(B). Petitioner was informed of the designation in a letter dated the same day. App.72-73. The Department provided petitioner with the Secretary's determination and supporting materials once they were cleared for release just over two weeks later. App.224-32; *see* 41 U.S.C. § 4713(c)(2)(A). Nearly a month after that, petitioner submitted its letter, which the Department did not become aware of until May 8. Add.1 n.1. The Secretary promptly considered petitioner's request and denied reconsideration less than a month later, concluding that petitioner had not offered information that would warrant modifying the designation. Add.1-2; *see* 41 U.S.C. § 4713(c)(2)(B).

Any perceived procedural flaw would be harmless in any event. *See* Gov't Br. 37-39. There can be no reasonable debate that petitioner has received notice and an adequate opportunity to respond. The Secretary's determination and the underlying risk assessment were provided to petitioner and laid out the bases for determining that the continued integration of petitioner's model into the Department's systems presents an unacceptable national-security risk. *See* App.367-74. The Department gave

8

petitioner 30 days to collect and present whatever "information or arguments" that it wished the Department to consider.  App.224.  Petitioner took advantage of that invitation.  After scrutinizing the evidence and arguments, the Secretary found no basis to alter his prior designation.  *See* Add.1-2.

It is hard to see how the sequencing had any bearing on the outcome, particularly when "[t]he factual information contained in [petitioner's] request and filings was largely already known to the Department" and "[petitioner] failed to submit materially new information or arguments in support of its request."  Add.1.  Apart from its erroneous contentions about the relevance of post-deployment access, petitioner identifies no specific way in which it suffered prejudice.  Petitioner does not claim that the designation misapprehends any essential factual premise.  *Cf. Codd v. Velger*, 429 U.S. 624, 627 (1977) (per curiam) (holding that, "if the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute" that "has some significant bearing" on the decision).  Nor does petitioner suggest that it would have submitted additional or different materials if notice had preceded the designation.  Furthermore, "exigent circumstances" involving national security justified immediate action

9

followed by a prompt and meaningful opportunity for petitioner to present its case. *Esparraguera v. Department of the Army*, 101 F.4th 28, 40 (D.C. Cir. 2024); *see Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) (same). This is a paradigmatic case where any asserted error had no material "effect on the judgment." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (quotation omitted).

Rather than seek to establish that any purported procedural fault had some impact, petitioner insists (at 8-12) that harmless-error review is irrelevant in this context. But the Supreme Court has recognized a "harmless-error rule that courts ordinarily apply in civil cases." *Shinseki*, 556 U.S. at 406 (quotation omitted). That rule reflects the longstanding approach to how courts conduct "review of lower court decisions *as well as of administrative bodies*." *Id.* (emphasis omitted) (quoting U.S. Dep't of Just., Attorney General's Manual on the Administrative Procedure Act 110 (1947)). In this regard, the APA simply "restate[s] existing law." Attorney General's Manual, *supra*, at 110. Courts have long disregarded errors that did not affect the result, *see Hornbuckle v. Stafford*, 111 U.S. 389, 394 (1884); *Gregg v. Moss*, 81 U.S. (14 Wall.) 564, 569 (1871), including in matters implicating due process, *see Market St. Ry. Co. v. Railroad Comm'n*, 324 U.S. 548, 562

(1945) ("[D]ue process deals with matters of substance and is not to be trivialized by formal objections that have no substantial bearing on the ultimate rights of parties.").

Petitioner offers no legitimate reason to depart from this settled rule that forms "part of the established background of legal principles against which all enactments are adopted." *Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). Petitioner contends that courts may not rely on "harmless-error principles" absent express "statutory authorization," Suppl. Br. 8, but each case it cites declined to decide that question because the errors at issue were prejudicial, *see Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 896 F.3d 520, 534 (D.C. Cir. 2018); *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1109 (D.C. Cir. 2014). And contrary to petitioner's contention, this Court has conducted harmless-error review even when judicial-review statutes do not include an express provision to that effect. *See, e.g.*, *Suburban Air Freight, Inc. v. Transportation Sec. Admin.*, 716 F.3d 679, 682 (D.C. Cir. 2013) (concluding that "mistake was plainly harmless" in petition for review brought under 49 U.S.C. § 46110).

Petitioner is wrong to assert (at 8-9) that 41 U.S.C. § 1327 should be treated as an aberration because it uses the phrase "shall hold unlawful" and

11

does not explicitly incorporate the APA's prejudicial-error language. Harmless-error principles permeate civil litigation, *see, e.g.*, 5 U.S.C. § 706; 28 U.S.C. § 2111; 38 U.S.C. § 7261(b)(2); Fed. R. Civ. P. 61, and petitioner does not even attempt to explain why Congress would want review under § 1327 to proceed differently. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("[I]t is well-settled that the appellate courts should act in accordance with the salutary [harmless-error] policy embodied in Rule 61."). Under petitioner's logic, courts would have to mechanically reverse whenever they find an error, no matter how trivial or inconsequential—and notwithstanding the important national-security context. This is "the very criticism that spawned the harmless-error doctrine" by turning reviewing courts into "impregnable citadels of technicality." *Shinseki*, 556 U.S. at 407, 409 (quotation omitted). Moreover, petitioner's contention that harmless-error principles are incompatible with § 1327's language is belied by the APA, which similarly provides that courts "shall" "hold unlawful" agency action while also directing courts to take account of harmless-error rules. *See* 5 U.S.C. § 706.

That petitioner has failed to show on the facts of this case how the process would have played out differently or that the sequencing had any

effect on the outcome does not mean that the Secretary could always cure a procedural violation by "offer[ing] post-designation process." Suppl. Br. 9. Nor is petitioner correct to worry (at 9-10) that agencies will not be sufficiently willing to revisit decisions after the fact. Here, petitioner submitted a pro forma reconsideration request that contained no "materially new information or arguments." Add.1. And in any event, petitioner's open-mindedness concerns have little purchase in this context, where the Department is free to take the same action now that the requisite notice and opportunity to respond have been provided. *Cf. Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 685 (2020) (declining to impose extratextual "open-mindedness test"). Petitioner's unyielding view that courts must engage in the empty exercise of correcting insignificant and immaterial errors "encourages abuse of the judicial process and diminishes the public's confidence in the fair and effective operation of the judicial system." *Shinseki*, 556 U.S. at 409.

13

## CONCLUSION

For the foregoing reasons and those in the government's previous briefs, this Court should deny the petitions for review.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney*
  *General*

SHARON SWINGLE

 */s/ Sean R. Janda*
SEAN R. JANDA
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3388*
  *sean.r.janda@usdoj.gov*

JULY 2026

14

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set by this Court's order of June 24, 2026, because it contains 2483 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

*/s/ Sean R. Janda*
Sean R. Janda