**ORAL ARGUMENT HELD ON MAY 19, 2026**

**No. 26-1049 (lead); No. 26-1162 (consolidated)**

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHROPIC PBC,

*Petitioner*,

*v.*

U.S. DEPARTMENT OF WAR, PETER B. HEGSETH, in his official capacity as Secretary of War,

*Respondents*.

On Petition for Judicial Review of Department of War 41 U.S.C. § 4713 Notice

## SUPPLEMENTAL REPLY BRIEF OF PETITIONER

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
(628) 235-1000
michael.mongan@wilmerhale.com

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
emily.barnet@wilmerhale.com

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
ANNEKE DUNBAR-GRONKE
SAMSON F. COHEN
MEGAN O. GARDNER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com
joshua.geltzer@wilmerhale.com
kevin.lamb@wilmerhale.com
anneke.dunbar-gronke@wilmerhale.com
samson.cohen@wilmerhale.com
megan.gardner@wilmerhale.com

August 3, 2026

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................. ii

GLOSSARY...................................................................................... iii

INTRODUCTION ..............................................................................1

ARGUMENT .....................................................................................1

I.   THE JUNE DECISION REWRITES, NOT CLARIFIES, THE
     DESIGNATION ...........................................................................1

II.  THE PROCEDURAL VIOLATIONS WERE NOT HARMLESS ...................................2

CONCLUSION ...................................................................................5

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

## CASES[*]

Page(s)

*Alabama v. Bozeman*, 533 U.S. 146 (2001)...................................................................4

*Armstrong v. Manzo*, 380 U.S. 545 (1965)....................................................................4, 5

*Codd v. Velger*, 429 U.S. 624 (1977)..............................................................................5

*Fuentes v. Shevin*, 407 U.S. 67 (1972).............................................................................4

*Missouri Public Service Commission v. FERC*, 337 F.3d 1066
    (D.C. Cir. 2003).......................................................................................................2

*National Fuel Gas Supply Corporation v. FERC*, 468 F.3d 831
    (D.C. Cir. 2006).......................................................................................................2

*Ramaprakash v. FAA*, 346 F.3d 1121 (D.C. Cir. 2003) ...............................................1

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988) .......................................4

*PG&E Gas Transmission, Northwest Corporation v. FERC*,
    315 F.3d 383 (D.C. Cir. 2003)................................................................................2

*Suburban Air Freight, Inc. v. TSA*, 716 F.3d 679 (D.C. Cir. 2013) ...........................3

*Trump v. Cook*, 2026 WL 1855613 (U.S. June 29, 2026) ...........................................4

*Wisconsin Department of Revenue v. William Wrigley, Jr., Company*,
    505 U.S. 214 (1992)................................................................................................4

## STATUTES

5 U.S.C. § 706........................................................................................................................3

41 U.S.C.
    § 1327 ................................................................................................................1, 3, 4
    § 4713 .......................................................................................................................1, 4

49 U.S.C. § 46110..................................................................................................................3

---

[*]    Authorities upon which Anthropic chiefly relies are marked with asterisks.

# GLOSSARY

| | |
|---|---|
| Reply Br. | Anthropic's May 13, 2026 Reply Brief |
| June Decision | Department of War's June 3, 2026 Decision Regarding Reconsideration of Determination (Secretary Suppl. Br. Add.1-2) |
| Suppl. Br. | Anthropic's July 6, 2026 Second Supplemental Brief |

**INTRODUCTION**

The Secretary's second supplemental brief fails to rehabilitate his unprecedented § 4713 designation. On substance, he continues to misstate the designation's basis, insisting—contrary to the record—that it did not depend on a post-deployment-access theory. On process, he leans on harmless error. But § 1327 contains no harmless-error exception, and binding precedent establishes that post-deprivation process cannot cure a completed due process violation. Regardless, the violations here were prejudicial: The Secretary acted on a basic factual error, then required Anthropic to overcome a "final" decision he had already made and publicly defended.

**ARGUMENT**

**I.    THE JUNE DECISION REWRITES, NOT CLARIFIES, THE DESIGNATION**

An agency may clarify ambiguous precedent but may not rewrite it after the fact. *Ramaprakash v. FAA*, 346 F.3d 1121, 1125, 1130 (D.C. Cir. 2003); Suppl. Br.3-5. The June Decision is such a rewrite.

The Secretary doubles down (at 4) on the claim that the "original determination did not turn on any premise about … post-deployment access." That is wrong. The designation did "turn on" numerous factual assertions about post-deployment access—assertions that are wrong (as the Secretary now concedes). *E.g.*, App.181; App.213-214, 218; App.413. The Secretary could have acknowledged those errors, and attempted to cure the defect, by explaining that he

1

would have issued the designation anyway. *National Fuel Gas Supply Corp. v. FERC*, 468 F.3d 831, 839 (D.C. Cir. 2006). Instead, he denied that the designation rested on the basis apparent from the record. This revisionist history improperly "fail[ed] to come to terms with [his] own precedent." *PG&E Gas Transmission, Nw. Corp. v. FERC*, 315 F.3d 383, 390 (D.C. Cir. 2003).

Overlooking that problem, the Secretary repeatedly argues (at 4-5) that pre-deployment concerns informed the designation. No one disagrees. But the determination *also* depended materially, perhaps principally, on post-deployment access. *E.g.*, Anthropic Br.42-43. The Secretary cannot pretend that now-defunct theory was immaterial to the original designation.

The problem persists regardless of whether the Secretary understood that Anthropic lacks post-deployment access to Claude. If the Secretary "already knew" (at 7) that information but relied on a contrary theory anyway, he defied *Missouri Public Service Commission v. FERC*, 337 F.3d 1066, 1075 (D.C. Cir. 2003). If he did not know, he imposed an unprecedented designation without a basic understanding of how Claude operates on military systems. Either way, the designation was not the product of reasoned decisionmaking.

## II.    THE PROCEDURAL VIOLATIONS WERE NOT HARMLESS

The Secretary's post-hoc process did not cure his procedural violations. His extended harmless-error defense (at 7-13) fails for three reasons.

First, § 1327 contains no harmless-error exception. The Secretary barely discusses the statute's text. He offers no account of why Congress borrowed 5 U.S.C. § 706(2)'s grounds for review while omitting the "prejudicial error" command. And he does not explain how an implicit harmlessness exception coheres with § 1327's "shall hold unlawful" directive. Instead, he asks this Court to hold, apparently for the first time, that harmless-error rules apply to any administrative review scheme, whatever its statutory language. That is untenable. Twice this Court has reasoned that harmless-error principles require statutory authorization. *See* Suppl. Br.8 (discussing *Oglala Sioux* and *Allina Health*). The Secretary dismisses that reasoning as dicta but identifies no persuasive contrary authority. And the fact that many statutes and rules expressly codify harmless-error principles, as the Secretary observes (at 12), weakens—not strengthens—his position.

Nor does *Suburban Air Freight, Inc. v. TSA*, 716 F.3d 679 (D.C. Cir. 2013), help him. Section 46110 supplies no general substantive standard of review, so this Court has long applied § 706, including in *Suburban Air* itself. *Id.* at 681-682 (applying § 706, including "'rule of prejudicial error,'" through 49 U.S.C. § 46110(c)). Section 1327 is different: Congress codified substantive standards of review in § 1327(b), omitting § 706's "rule of prejudicial error."

3

The Secretary's remaining authority fares no better. The "'established background'" principle he invokes (at 11)—*de minimis non curat lex*—asks whether a trifling statutory deviation is a violation, not whether a court may forgive an error already found. *E.g.*, *Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). And that maxim governs only "absent contrary indication" in the statute. *Id.* "Shall" in § 1327 is such an indication. *Alabama v. Bozeman*, 533 U.S. 146, 153-154 (2001) (distinguishing *Wrigley*); *see* Suppl. Br.8-9. Regardless, the violations and resulting prejudice here were no trifle. *E.g.*, Reply Br.10-12.

Second, Supreme Court precedent establishes that post-hoc process cannot cure procedural due process violations. The Secretary ignores that authority. The procedural violations "occurred" upon deprivation; they could not be later "undo[ne]." *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972). The designation was "'void' from the start," regardless of effect on the outcome, *Trump v. Cook*, 2026 WL 1855613, at *15 (U.S. June 29, 2026), and the remedy is to "'wip[e] the slate clean,'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 87 (1988); *Armstrong v. Manzo*, 380 U.S. 545, 551-552 (1965). Those cases govern here.

Finally, the errors were not harmless. The Secretary imposed a § 4713 designation based on factual errors—concerning post-deployment access—that Anthropic would have corrected with notice and an opportunity to respond. If his

concern was "trust," pre-decisional process could have addressed that concern too. There were multiple facts "bearing" on the designation Anthropic could have addressed with pre-decisional process. *Codd v. Velger*, 429 U.S. 624, 627 (1977) (per curiam).

Furthermore, the June Decision did not reflect consideration on a clean slate. The Secretary inverted the burden, demanding that Anthropic "demonstrate [a] basis for altering or rescinding" an already final designation. June Decision at 1. That is the precise defect *Armstrong* condemned—compelling a party to "overcom[e] an adverse decree." 380 U.S. at 551. It is also why Congress and the Constitution generally require process before a final decision. Suppl. Br.9-10. Prejudice was manifest: The Secretary issued a mistaken designation with no process, which he reflexively defended rather than reconsidered on a clean slate.

## CONCLUSION

The Court should grant the petitions for review.

5

Dated:  August 3, 2026

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
(628) 235-1000
michael.mongan@wilmerhale.com

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
emily.barnet@wilmerhale.com

Respectfully submitted.

*/s/ Kelly P. Dunbar*
KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
ANNEKE DUNBAR-GRONKE
SAMSON F. COHEN
MEGAN O. GARDNER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com
joshua.geltzer@wilmerhale.com
kevin.lamb@wilmerhale.com
anneke.dunbar-gronke@wilmerhale.com
samson.cohen@wilmerhale.com
megan.gardner@wilmerhale.com

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that this brief complies with the type-volume limitations of this Court's June 24, 2026 Order. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains 998 words. I further certify that the foregoing brief has been prepared in proportionally spaced typeface using Microsoft Word for Office in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), I have relied upon the word count feature of this word processing system in preparing this certificate.

Dated:  August 3, 2026                           */s/ Kelly P. Dunbar*
                                                  Kelly P. Dunbar

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, the foregoing was electronically filed through this Court's CM/ECF system. Pursuant to Fed. R. App. P. 25(c)(2)(A), I further certify that the foregoing was served to all registered users by filing it with the Court's electronic filing system. Pursuant to Circuit Rules 27(b) and 32(d), I further certify that I caused paper copies to be submitted to the Court on August 3, 2026.

*/s/ Kelly P. Dunbar*
KELLY P. DUNBAR
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
kelly.dunbar@wilmerhale.com