August 19, 2026

**Kelly P. Dunbar**

+1 202 663 6262 (t)
+1 202 663 6363 (f)
kelly.dunbar@wilmerhale.com

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave. NW
Washington, DC 20001

Re: *Anthropic PBC v. Department of War*, Nos. 26-1049 (lead) & 26-1162 (consolidated)

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j), Anthropic notifies the Court of *Hesai Technology Co. v. U.S. Department of Defense*, No. 25-5256 (D.C. Cir. Aug. 18, 2026) (enclosed). *Hesai* reversed summary judgment on a due process challenge to Hesai's designation as a "Chinese military company" under Section 1260H of the National Defense Authorization Act for Fiscal Year 2021. *Hesai* supports Anthropic's due process claim in three ways.

First, *Hesai* held the designation implicated a constitutionally protected interest under the stigma-plus doctrine—reputational harm plus statutory ineligibility for certain federal contracts and assistance. Slip Op.7-8. That "disqualification from consideration," the Court held, "not the withholding of any particular benefit," "matters" for due process purposes. *Id.* at 8. That holding rests on the same Supreme Court and Circuit precedent Anthropic has cited and supports Anthropic's analogous position here. *See* Anthropic Br.49-50.

Second, *Hesai* applied the rule that constitutionally required process must generally come "*before* final deprivation." Slip Op.9 (quoting *Esparraguera v. Department of the Army*, 101 F.4th 28, 40 (D.C. Cir. 2024)). *Hesai* also reaffirmed this Circuit's foreign-terrorist-organization precedents holding that national-security concerns do not justify post-deprivation process absent a "particularized" showing. Slip Op.11. Those holdings refute the Secretary's arguments, *see* Secretary Br.55-60; Secretary Second Suppl. Br.9-10, and reinforce Anthropic's position, *see* Anthropic Br.51-53; Anthropic Second Suppl. Br.10-12.

Third, *Hesai* rejected the Secretary's argument "that any procedural violation was harmless." Slip Op.12. Again applying foreign-terrorist-organization precedents, the Court held that a procedural violation is not harmless even if the "record otherwise appeared sufficient" to justify the designation and whether or not it would change the outcome. *Id.* The same principles

support Anthropic's position here. *See* Anthropic Second Suppl. Br.8-12; Anthropic Second Suppl. Reply Br.2-5.[1]

Respectfully submitted,

*/s/ Kelly P. Dunbar*
Kelly P. Dunbar

Encl.

[1] The *Hesai* Court remanded without vacatur based on unique case-specific considerations. Slip Op.14. That APA remedy is unavailable here, *see* Reply Br.12 n.3 (§ 1327(b)'s shall-hold-unlawful remedy is "exclusive"), and the Secretary has forfeited any contrary argument by never requesting it despite multiple opportunities to do so. *Intercollegiate Broadcasting System, Inc. v. Copyright Royalty Board*, 574 F.3d 748, 756 (D.C. Cir. 2009).