**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3388

August 26, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

RE: *Anthropic PBC v. United States Department of War*, Nos. 26-1049, 26-1162 (argument held May 19, 2026)

Dear Mr. Cislak:

Petitioner's August 19 letter cites *Hesai Technology Co. v. U.S. Department of Defense*, No. 25-5256 (D.C. Cir. Aug. 18, 2026), but that decision does not advance their arguments.

First, in holding that post-deprivation process was insufficient in the circumstances of that case, the Court stated that the Secretary had "not explained in a particularized way how" pre-deprivation process would have "impaired" the "foreign policy goals of the government"—a conclusion the Court believed "not immediately apparent." Op. 11-12 (quotation omitted). Here, by contrast, the Secretary made a specific determination—pursuant to a statute expressly authorizing an immediately effective designation—that "an urgent national security interest" required forgoing pre-designation notice. *See* Gov't Br. 33-36, 57-58. That specific determination more than suffices to justify forgoing pre-designation process, particularly given the Secretary's prompt provision of post-designation process and the limited

reputational and legal consequences of the designation, *see* Gov't Br. 58-62, as compared to *Hesai*.

And in any event, *Hesai* underscores why any procedural error in this case was harmless. In *Hesai*, the Court did not dispute that a due-process violation is subject to harmless-error review. *Contra* Pet. Second Suppl. Br. 10-12. Nonetheless, the Court concluded the error in that case was prejudicial, in large part because the agency had "utter[ly] fail[ed] to comply with required procedures" and had not provided the challenger any administrative opportunity to "respond to the unclassified evidence the Secretary intended to rely upon and tailor its arguments accordingly, before the Secretary made a final decision." Op. 13 (quotation omitted). Here, by contrast, the Secretary provided petitioner with notice and the opportunity to respond following the initial designation, and the Secretary has now considered the submitted evidence and reaffirmed his determination. In that circumstance, any error would be harmless. *See* Second Suppl. Br. 8-13.

Sincerely,

Sharon Swingle

*<u>/s/ Sean R. Janda</u>*
Sean R. Janda
Brian J. Springer
Attorneys

cc: All counsel (via CM/ECF)