**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3388

September 3, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

RE: *Anthropic PBC v. United States Department of War*, Nos. 26-1049, 26-1162 (argument held May 19, 2026)

Dear Mr. Cislak:

Petitioner's August 28 letter incorrectly contends that a recent district court decision is persuasive on its own terms and is preclusive as to various "fact-bound issues" implicated by this case. Ltr. 1.

First, petitioner has failed to identify any specific "issue of fact or law" that is identical between the two suits and whose resolution was "essential to the [district court's] judgment." *National Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) (quotation omitted). Whereas this case involves petitions for review of the Secretary's designation under 41 U.S.C. § 4713, the district court suit involves petitioner's challenge to a host of government actions, including a Secretarial determination under 10 U.S.C. § 3252, and the court's decision often did not differentiate between the several different challenged actions. To the extent that petitioner seeks to equate the § 3252 determination with the separate § 4713 designation at issue here, petitioner disregards that they are distinct agency actions, involving different statutory authorities, different scopes, and different

agency processes (including the post-designation process provided in this case). Even if some of the issues presented by the two cases are "similar," the distinct contexts render those issues not "identical." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992). Nor does petitioner explain how the granular "fact-bound issues" that petitioner highlights were essential to the district court's ultimate judgment holding the § 3252 designation and other actions unlawful.

Second, applying preclusion in these circumstances would "work a basic unfairness." *Martin v. Department of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quotation omitted). Consistent with the important national-security objectives served by § 4713 and this Court's experience in evaluating relevant questions, Congress has determined that § 4713 designations may only be reviewed in this Court. Permitting a district court decision in a different suit challenging a different designation to preclude this Court's independent review would impermissibly undermine that congressional choice, particularly when the parties have engaged in stay proceedings, expedited merits briefing and argument, and multiple rounds of supplemental briefing before this Court.

Sincerely,

Sharon Swingle

*/s/ Sean R. Janda*
Sean R. Janda
Brian J. Springer
Attorneys

cc: All counsel (via CM/ECF)