Nos. 26-1049 and 26-1162

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHROPIC PBC,
Petitioner,
v.
UNITED STATES DEPARTMENT OF WAR AND
PETER B. HEGSETH, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF WAR,
Respondents.

# MOTION FOR INVITATION TO FILE BRIEF AS AMICI CURIAE

Center for AI and Digital Policy (CAIDP),
International Association for Safe and Ethical AI (IASEAI),
and Interdisciplinary Scholars in AI, Law, Economics, and Governance
in Support of Petitioner's Petition for Rehearing En Banc

MARC ROTENBERG
IVAN K. FONG
CHRISTABEL RANDOLPH
CENTER FOR AI AND DIGITAL POLICY (CAIDP)
1100 13th NW, Suite 800
Washington DC 20005
+1 202 415 6788
rotenberg@caidp.org
*Counsel for Proposed Amici Curiae*

October 20, 2026

The Center for AI and Digital Policy (CAIDP), the International Association for Safe and Ethical AI (IASEAI), and the Interdisciplinary Scholars in AI, Law, Economics, and Governance identified in the accompanying proposed brief respectfully request that the Court invite them to file that brief in support of Anthropic PBC's petition for rehearing en banc. This motion is made under Circuit Rule 40(f) and Federal Rules of Appellate Procedure 27 and 29(b). The proposed brief is submitted concurrently for the Court's consideration; amici request that it be accepted for filing upon issuance of the invitation.

1. On September 25, 2026, a divided panel denied Anthropic's petitions for review of the Department of War's agency action. Judge Henderson dissented from the panel's construction of the statutory definition of "supply chain risk." *Anthropic PBC v. U.S. Department of War*, Nos. 26-1049 & 26-1162 (D.C. Cir. Sept. 25, 2026). Anthropic filed its Petition for Panel Rehearing or Rehearing En Banc on October 13, 2026, Dkt. No. 2197902. This motion and the accompanying proposed brief are submitted within seven days of the petition, as provided by Federal Rule of Appellate Procedure 29(b)(5).

**Identity and interest of proposed amici**

2. CAIDP is an independent nonprofit research and advocacy organization that promotes AI policies protecting fundamental rights, democratic institutions, and the rule of law. CAIDP's work includes comparative research on national AI

policies, training AI policy leaders, and legal advocacy concerning AI accountability. CAIDP’s interest here is in the proper application of a federal statute to suppliers that incorporate safety constraints into AI systems.

3. IASEAI is an independent nonprofit association committed to ensuring that AI systems operate safely and ethically. Its researchers and practitioners bring expertise in AI alignment, safety specifications, verification, and governance. That expertise can assist the Court in understanding the technical concepts implicated by the panel’s interpretation of 41 U.S.C. § 4713(k)(6).

4. The individual amici are distinguished scholars of artificial intelligence, computer science, economics, law, and technology governance whose qualifications are set out in the accompanying proposed brief. Their expertise includes AI safety and alignment, technical specifications and verification, economic governance of technology, and legal frameworks for advanced AI. Their participation provides an interdisciplinary perspective on the technical premises underlying the statutory question before the Court.

**The proposed brief would assist the Court**

5. Circuit Rule 40(f) requires a court invitation for an amicus brief supporting a petition for rehearing en banc. Proposed amici seek that invitation because the accompanying brief addresses a question central to the panel’s statutory analysis that requires technical expertise: whether ordinary model training

and disclosed safety specifications are properly understood as the kind of "manipulat[ion]" Congress placed alongside sabotage, malicious introduction of unwanted functions, and data extraction in 41 U.S.C. § 4713(k)(6).

6. Anthropic's petition develops the statutory-text and precedent-based arguments for rehearing, including its reliance on *Fischer v. United States*, 603 U.S. 480 (2024). Proposed amici do not seek to duplicate those arguments. Their brief instead explains the technical distinctions necessary to evaluate the panel's construction: a safety specification describes intended behavior; capability concerns whether a system can reliably perform within that specification; and interference concerns conduct that compromises the system or its operation.

7. Those distinctions bear directly on the panel's reasoning. The proposed brief explains why refusal behavior by an already-deployed model differs technically from continuing supplier control; why development and release of a future model version is technically distinct from remote alteration of a model already deployed on the Department's systems; and why legal authorization to perform a task, technical capability to perform it, and a safety specification governing whether the model will attempt it are distinct propositions.

8. The proposed brief relies on published scholarship to explain these general technical concepts and on the existing record for case-specific facts. It does not offer new testimony or seek to supplement the agency record. Nor does it

develop Anthropic's separate arguments concerning statutory procedure, due process, or the First Amendment.

9. The proposed brief also bears on the exceptional importance of the panel's decision. Its interpretation may affect incentives for AI developers to specify, test, document, and disclose safety boundaries. Proposed amici explain why treating operation according to a disclosed safety boundary as evidence of supply-chain manipulation may discourage safeguards from being made explicit, predictable, and auditable. That governance consequence extends beyond the particular procurement dispute between Anthropic and the Department.

10. The proposed brief therefore offers technical expertise and analysis not supplied by the petition itself: it connects the statutory distinction identified by Judge Henderson to technical distinctions among model specification, capability, operational performance, and interference with system integrity. That focused contribution can assist the Court in determining whether rehearing en banc is warranted.

**Procedural representations**

11. Counsel consulted the parties regarding this motion on October 20, 2026. Both Petitioner Anthropic PBC and Respondents consent to the motion.

12. The proposed brief contains the disclosures required by Federal Rule of Appellate Procedure 29(a)(4), as incorporated by Rule 29(b)(4), including its

authorship and funding statement. The organizational disclosure statements required by Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1 are included in the proposed brief.

13. Proposed amici recognize Circuit Rule 40(f)'s restriction on amicus participation that would result in the recusal of a member of the en banc court. Counsel is unaware of any circumstance arising from the participation of the proposed amici that would require such a recusal.

14. The proposed brief contains 2,187 words and complies with the 2,600-word limit in Federal Rule of Appellate Procedure 29(b)(4).

For these reasons, proposed amici respectfully request that the Court, pursuant to Circuit Rule 40(f), invite them to file the accompanying brief in support of rehearing en banc and accept the proposed brief for filing upon issuance of that invitation.

Respectfully submitted,

/s/ Marc Rotenberg

Marc Rotenberg
Ivan K. Fong
Christabel Randolph
Center for AI and Digital Policy (CAIDP)
1100 13th St., NW Suite 800
Washington DC 20005
+1 202 415 6788
rotenberg@caidp.org
*Counsel for Proposed Amici Curiae*
October 20, 2026

**Certificate of Compliance**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 958 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), as incorporated by Rule 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Marc Rotenberg
Marc Rotenberg
October 20, 2026

**Certificate of Service**

I certify that on October 20, 2026, I electronically filed the foregoing Motion for Invitation to File Brief as Amici Curiae, with the accompanying proposed brief, using the Court's CM/ECF system, which served all registered counsel of record.

/s/ Marc Rotenberg
Marc Rotenberg
October 20, 2026

Nos. 26-1049 and 26-1162

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ANTHROPIC PBC,
Petitioner,
v.
UNITED STATES DEPARTMENT OF WAR AND
PETER B. HEGSETH, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF WAR,
Respondents.

PROPOSED ORDER

Upon consideration of the Motion for Invitation to File Brief as Amici Curiae by the Center for AI and Digital Policy, the International Association for Safe and Ethical AI, and the Interdisciplinary Scholars in AI, Law, Economics, and Governance identified in the accompanying proposed brief, it is

ORDERED that the motion is granted. Pursuant to Circuit Rule 40(f), the Court invites movants to file the accompanying brief as amici curiae in support of Petitioner's petition for rehearing en banc. The proposed brief is accepted for filing as of the date of this order.

Per Curiam

For the Court:

[Clerk of Court]

Date: ____________________