ORAL ARGUMENT WAS HELD ON MAY 19, 2026

**Nos. 26-1049, 26-1162**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

ANTHROPIC PBC,

*Petitioner,*

v.

U.S. DEPARTMENT OF WAR, PETER B. HEGSETH, in his official capacity as Secretary of War,

*Respondents.*

---

*On Petition for Judicial Review of Department of War 41 U.S.C. § 4713 Notice*

---

**CONSENT MOTION FOR INVITATION TO PARTICIPATE AS *AMICUS CURIAE* BY FAITH FAMILY TECHNOLOGY NETWORK IN SUPPORT OF ANTHROPIC PBC'S PETITION FOR REHEARING OR REHEARING EN BANC**

Pursuant to Federal Rule of Appellate Procedure 29(b) and D.C. Circuit Rule 40(f), Faith Family Technology Network ("FFTN") respectfully requests an invitation from this Court to submit the accompanying brief as *amicus curiae* in support of Petitioner Anthropic PBC's Petition for Rehearing or Rehearing En Banc, Dkt. No. 2197902. *See, e.g.*, *PHH Corp. v. Consumer Fin. Prot. Bureau*, No. 15-1177 (D.C. Cir. Feb. 16, 2017), Dkt. No. 1661675 (granting invitation requests in

support of a petition for rehearing en banc). All parties consent to FFTN's request for an invitation.

The proposed brief complies with Federal Rule of Appellate Procedure 29(b), which contemplates the filing of amicus briefs in support of petitions for rehearing with leave and limits such briefs to 2,600 words. This motion and brief are timely filed within seven days of the petition. To the undersigned's knowledge, no other proposed amicus has filed, or plans to file, a brief presenting the perspective of an interfaith organization on the conscience and associational interests implicated by this case.

## I. Interests Of Amicus Curiae

FFTN is a nonpartisan, interfaith organization whose members include leaders and participants from the Jewish, Christian, and Muslim faith traditions. Since its formation in 2025, FFTN has devoted substantial resources to promoting the freedom and autonomy of religious organizations and individuals seeking to act in accordance with sincerely held moral and religious convictions.

FFTN has a strong interest in this case because it presents significant questions concerning freedom of conscience, expression, and association, and the constitutional limits on governmental efforts to penalize private institutions for adopting ethical positions on matters of public concern. FFTN's members believe

that religious organizations and people of faith must remain free to make moral judgments and express those convictions without fear of governmental retaliation.

Those concerns have particular relevance here. Religious communities routinely confront questions regarding whether emerging technologies should be deployed without limitation or instead be constrained by ethical commitments rooted in conscience, human dignity, and moral responsibility. FFTN's members therefore have a substantial interest in ensuring that private organizations remain free to adopt and express ethical commitments without governmental coercion or punishment.

## II. Usefulness Of Briefing By Amicus Curiae In This Case

If invited to file, FFTN's proposed brief will make a unique contribution to the Court's consideration of the petition. Drawing on longstanding teachings shared across the Abrahamic faith traditions, FFTN's proposed brief explains why the freedom to decline participation in conduct that an institution regards as morally objectionable is a foundational component of liberty. The brief addresses how Anthropic's stated limitations on certain uses of artificial intelligence, including autonomous weapon systems and mass domestic surveillance, reflect ethical judgments concerning human dignity, moral accountability, and responsible stewardship of powerful technologies.

The proposed brief further explains why governmental efforts to pressure private institutions to abandon such ethical commitments raise concerns extending

well beyond the immediate dispute. From the perspective of religious communities, constitutional protections for freedom of conscience, expressive autonomy, and voluntary association serve to ensure that organizations may articulate and implement moral commitments without governmental interference. Those principles are especially important where, as here, a private institution has adopted limitations based on its own understanding of ethical responsibility.

FFTN believes that the Court will benefit from the perspective of faith communities that regularly confront questions about the relationship between moral conviction and public life. FFTN believes that its participation would materially assist the Court's evaluation of the exceptional questions presented by Anthropic's petition for rehearing en banc.

Pursuant to Rule 29(a)(4)(E) of the Federal Rules of Appellate Procedure, no party or counsel for any party authored this brief in whole or in part. No person other than *amici* or their counsel contributed money intended to fund this brief's preparation or submission. *See* Fed. R. App. P. 29(a)(4)(E).

## CONCLUSION

For the foregoing reasons, FFTN respectfully requests that the Court invite it to file the accompanying brief as *amicus curiae* in support of Petitioner Anthropic PBC's Petition for Rehearing or Rehearing En Banc and direct the Clerk to file the attached brief.

Dated: October 20, 2026

Respectfully submitted,

*<u>/s/ Rakesh Kilaru</u>*

Rakesh Kilaru
Caroline Li
Oluwatitomi Akinmola
Grace Driggers
Wilkinson Stekloff LLP
2001 M St NW, 10th Floor Washington, DC 20036
Tel.: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
cli@wilkinsonstekloff.com
takinmola@wilkinsonstekloff.com
gdriggers@wilkinsonstekloff.com

*Counsel for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, *amicus* is not a publicly held corporation, does not issue stock, and does not have a parent corporation.

Dated: October 20, 2026

*/s/ Rakesh Kilaru*
Rakesh Kilaru

*Counsel for Amicus Curiae*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1), I certify that this motion complies with the type-volume limitation applicable to motions because it contains 671 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: October 20, 2026

*/s/ Rakesh Kilaru*
Rakesh Kilaru

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. A true and correct copy of the foregoing has been served via the Court's CM/ECF system on all counsel of record.

Dated: October 20, 2026

*/s/ Rakesh Kilaru*
Rakesh Kilaru

*Counsel for Amicus Curiae*